HENRY MITCHELL, Adm'r *d. b. n. c. t. a.* of JAS. D. MITCHELL, *vs.* JULIANA WILLIAMSON, GEO. W. WILLIAMSON, and ADOLPHUS WILLIAMSON, Exc'rs of DAVID WILLIAMSON.

In an action of *debt* on a bond for the payment of a certain and ascertained sum of money within a specified time, the obligors cannot go behind the bond to show what was its consideration.

The only reply that can successfully be made to such an action is *non est factum*, payment or release; any equitable considerations affecting the transactions out of which the bond originated must be availed of in a court of equity.

Prior to the act of 1843, ch. 304, an executor, or one of several executors, might sell or raise money on the property of the deceased, or give a release for a debt due the estate of his testator.

In an action of debt upon a bond given to several executors, a plea that one of them released the debt sued on is a good bar to the action.

An action of debt on a bond may be maintained against a surety without a previous demand on the principal.

Where the principal in a bond dies the surety may pay the debt and prefer his claim against the estate of the deceased, and his failure to do so cannot work his discharge, nor can the failure of the obligees to make demand against the estate enure to the surety's advantage.

The averment in a plea that the obligees, " *or some of them,* " released a " *large part* " of the debt specified in the bond is defective for uncertainty, but this defect can only be taken advantage of by a *special* demurrer.

Pleadings must not be insensible or repugnant, nor ambiguous or doubtful, nor argumentative, nor in the alternative.

APPEAL from the Circuit Court of Charles county.

*Debt* by the appellees, as executors of David Williamson, Sen., brought on the 16th of March 1838, against Elizabeth A. Mitchell, executrix of James D. Mitchell, and after her death contained against the appellant, as administrator *d. b. n. c. t. a.* of said James D. Mitchell, upon a bond for $2000, executed by David Williamson, Jr., as principal, and said James D. Mitchell, as surety, dated the 17th of August 1833, payable to the plaintiffs, executors as aforesaid, at any time within two years from date, without interest.

This is the second appeal in the case; the first is reported in 9 *Gill*, 71, upon which the judgment was reversed and a *procedendo* ordered.

Upon the trial under the *procedendo* nine pleas were filed, to the 2nd, 3rd, 5th, 7th, 8th and 9th of which *general demurrers* were filed by the plaintiff, which the court below, (WILLIAM MATTHEWS, Special Judge,) sustained. Upon the 4th and 6th issues were joined. The 2nd and 8th were abandoned in argument in this court.

The 3rd and 9th pleas are sufficiently stated in the opinion of this court. The 5th avers that the plaintiffs cannot maintain their action, because they did not before suit brought demand payment of the bond from David Williamson, Jr., the principal obligor therein.

The 7th sets forth that James D. Mitchell was only surety in the bond for David Williamson, Jr., the principal obligor, who died on the 1st of January 1839; that his executrix had

in her hands sufficient assets to have paid the bond and all
other debts of her testator; that in pursuance of the order of
the orphans court she inserted an advertisement in two news-
papers, and for the time specified in said order, notifying all
creditors of said David Williamson, Jr., to present their
claims, with the vouchers thereof, on or before the 1st of
October 1839, to said executrix, otherwise they might be
excluded by law; that the plaintiffs had notice of all which
premises, yet they neglected to present their said claim by
the time limited in said order and notice; that after the insti-
tution of this suit, viz., on the 19th of October 1844, the said
executrix passed her final account, by which she paid away
and distributed all the assets without any notice of this obli-
gation, and no further assets have been or are likely to be
received by her; that the plaintiffs, by reason thereof, and of
their voluntary and wilful laches and default, have released
and discharged the real and personal estate of said David
Williamson, Jr.

The verdict and judgment were in favor of the plaintiffs,
and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLE-
STON, MASON and TUCK, J.

*Robert J. Brent* for the appellant.

The *third* plea, we maintain, was a legally sufficient bar to the
action.    It distinctly shows:—1st. That Adolphus, one of the
plaintiffs, duly released all his interest in the judgment which
the bond was made to secure.    2nd. That Juliana, another
of the plaintiffs, duly released all her right and interest in the
debt due by the principal obligor to the plaintiffs.    These
two having released under seal are estopped from now claiming
an interest by this suit.    4 *Gill*, 191, *Lloyd vs. Burgess*.    If
one plaintiff has released he ought not to be joined in the suit.
1 *Wheat. Selw.*, 472, *Debt, Release.*    7 *Wheeler's Am. Com.
Law*, 517, *Principal & Surety.*    And so if the bond is due
the obligees, *qua* executors, for the release of one executor

discharges the debt. 2 *G. & J.*, 226, *Watkins vs. The State, use of Shaw.* Ibid., 97, *Allender vs. Riston.* The release pleaded being to the principal obligor necessarily discharges the surety, and even if both were principals the release of one would discharge the other. 7 *Johns.*, 207, *Rowley vs. Stoddard.* 13 *Do.*, 286, *Austin vs. Hall.* 7 *Wheeler's Am. Com. Law*, 519. 6 *Comyn's Digest*, 393, *title, Pleader*, 2 *W.*, 30. 5 *Md. Rep.*, 389, *Yates vs. Donaldson.* Again, the plea shows that not only did one of the plaintiffs release an interest in property conveyed by the principal debtor sufficient to have paid this debt, but also all his interest in the judgment which the bond was to secure. Now the judgment was in itself a valuable security, and upon the payment of this bond by the surety he would have been entitled to an assignment of the judgment, and to any lien or benefit attached to it. That a release by the creditor of any security he may hold as against the principal debtor will, *ipso facto*, discharge the security, is clearly established by the authorities. 8 *Pick.*, 129, *Baker vs. Briggs.* 7 *Am. Com. Law*, 470. The bond on its face shows that David Williamson, Jr., was principal, and therefore the averment in the plea to that effect is admissible in law. 7 *Johns.*, 336, *People vs. Jansen.* 6 *G. & J.*, 168, *State, use of Barber, vs. Hammond.* 10 *Pet.*, 266, *Sprigg vs. Bank of Mt. Pleasant.* 3 *Call.*, 268, *Ross vs. Overton.*

The *fifth* plea presents the question, whether an action can be maintained against the surety without a previous demand on the principal obligor?

Assuming that the constructive release of the estate of the principal set up in the *seventh* plea is a valid defence, it will be observed that the distribution of assets by the executrix is shown to have been since the institution of the suit, but the omission to aver it to have been since the last continuance is not demurable. 4 *J. J. Marshall*, 223, *McGowan vs. Hoy.* Then as to the substance of the plea; the act of 1798, ch. 101, sub-ch. 8, sec. 15, protects the distribution of assets when made under legal notice to creditors, and when the executrix had no actual notice of the claim in controversy.

The act of 1823, ch. 131, declares what alone shall amount to notice of a creditor's claim. See also the act of 1826, ch. 178. Such a release of the estate of the principal debtor, though it arises from laches and neglect alone, is equivalent in law to an affirmative or express release. 13 *Seargt. & Rawle*, 157, *Lichtenthaler vs. Thompson.* 9 *Verm.*, 143, *McCollum vs. Hinckley.* 1 *Penn. Rep.*, 241, *Finney vs. Allen.* It was held by the Supreme Court that the laches of the creditor would discharge his judgment. 7 *Pet.*, 578, 670, *Ex-parte Watkins.* The obligation of the surety ceases when the principal is discharged by the act of the creditor. 1 *Law Lib.*, 3, 6. The plaintiffs could have sued the executrix of David Williamson at law by virtue of the act of 1811, ch. 161, sec. 1. There being sufficient of his personal estate, it follows that his real estate could not be charged by the creditor. 4 *G. & J.*, 295, *Wyse vs. Smith.*

We rely especially on the *ninth* plea as a complete answer to this action. We are at a loss to conceive on what ground this plea can be assailed, as it shows that two of the executors being legatees, entitled to shares of this debt, and all debts and costs of administration being satisfied, released their shares of this debt, and the balance not released was paid and satisfied before suit.

*John M. S. Causin* for the appellees.

The *third* plea so much relied on now was expressly adjudicated on the former appeal, and the court there say, that our error was in joining issue instead of demurring. 9 *Gill*, 73. The release by Adolphus and Juliana is *as representatives* and not as executors. The plea shows this because it connects itself with the release. But apart from this, the plea shows that they did not release as executors, because it states that Adolphus releases only *one-ninth*, whereas as executor his interest was one-third. So also the release of Juliana is as distributee and not as executrix. The plea does not allege that the release was as executors. A release to be a bar must be a technical release, especially where one attempts

to release for another. 4 *H. & J.*, 480, *Coomes vs. Clements.*
A plea bad in part is bad for the whole. 6 *H. & J.*, 134,
*Karthaus vs. Owings.* Nothing less than the release of the
whole debt will bar the action. 4 *G. & J.*, 309, 310, *Geiser
vs. Kershner.* 4 *H. & J.*, 480, *Coomes vs. Clements.* 22
*Pick.*, 308, *Shaw vs. Pratt.* 7 *Johns.*, 209, *Rowley vs. Stoddard.*
This plea is also defective, because it seeks to inquire
into the consideration upon which the bond was given, which
cannot be done at law. 9 *G. & J.*, 342, *Key vs. Knott.*

As to the *fifth* plea, we say forbearance to sue, on demand
from the principal, does not exonerate the security. 7 *G. &
J.*, 281, *Somerville vs. Marbury.* 2 *G. & J.*, 234, *Planters
Bank vs. Sellman.* 6 *G. & J.*, 247, *Sasscer vs. Young.*

The cases cited under the *fifth* plea settle the point raised
by the *seventh*, that laches as to one of two obligors never
discharges the right against the other. The cases all show
that mere non-feasance will not discharge a surety, but to do
this, there must be something done by the obligee changing
the nature of the contract.

The *ninth* plea is the same as the third: it is no release of
the debt sued upon, and is liable to the objection stated in the
opinion of Judge Chambers in the former case, in 9 *Gill*, 77.

LE GRAND, C. J., delivered the opinion of this court.

This is an action of debt brought by the appellees as executors
of David Williamson, Sen'r, against Elizabeth A. Mitchell,
executrix of James D. Mitchell, and continued after her
death against the appellant, Henry S. Mitchell, as administrator
*de bonis non cum testamento annexo.* The cause of
action was a penal bond, dated 17th of August 1833, conditioned
for the payment by David Williamson, Jr.—the principal
obligor—at any time within two years from the date thereof,
to George, Juliana and Adolphus Williamson, executors of
David Williamson, Sen'r, of the sum of two thousand dollars
without interest.

To the right of recovery of the plaintiffs nine pleas were
interposed. To the 2nd, 3rd, 5th, 7th, 8th and 9th of which,

there were demurrers; and on the 4th and 6th issue was taken. The 2nd and 8th pleas have been abandoned. The questions now before us are presented by the demurrers to the others, and we concur with the court below in its ruling in regard to each and all of them except the ninth.

The 3rd plea is substantially as follows:    It avers that the bond was executed by Mitchell as surety for Williamson, to secure the payment of a judgment obtained against him in Harford county court; that Adolphus Williamson released all his interest in the *judgment;* and that David Williamson conveyed to the plaintiffs all his interest in a large tract of land, lying in the State of Louisiana, for the purpose of securing the payment of the *judgment;* and also, that Juliana Williamson one of the plaintiff's, by her writing of release, sealed, &c., "did release all her interest and right in the debt due by the said David to the said plaintiffs *aforesaid."*

So far as those portions of the plea which allude to the release of interest in the *judgment* are involved, we think it clear beyond all question, that they cannot avail to defeat the recovery of the plaintiffs.    This is an action on a bond conditioned for the payment of a certain and ascertained sum of money, within a specified time, and it is not competent for the obligors, *in this action,* to go behind the bond for the purpose of showing what was its consideration.    The only reply that can be successfully made to it is, *non est factum,* payment or release.    Any equitable considerations affecting the transactions out of which it originated, must be availed of in a court of equity.    In regard to that part of the plea which declares, that Juliana Williamson released "all her interest and right in the debt due by the said David to the said plaintiffs *aforesaid,"* we remark, that it appears to us it must be understood as having reference to the history of the debt as given in the preceding portions of the plea, and therefore, equally as applicable to the judgment as to the bond.    There is no doubt that prior to the act of Assembly of 1843, ch. 304—and that act does not affect this case—an executor might sell or raise money on the property of the deceased, or give a release for

Mitchell *vs.* Williamson.

a debt due to the estate of his testator, nor where there was more than one executor, that any one of them could do the same; and, therefore, had the plea simply averred a release of the *debt:* that is, the *debt sued on* by Juliana Williamson, we should have held the plea as good in bar to the plaintiff's right of action. We do not, however, regard the plea as referring exclusively to the debt mentioned in the bond, but as including the judgment also. There are other objections to the plea, but it is not essential they should be noticed.

The 5th plea presents the question—whether an action can be maintained against the surety without a previous demand on the principal? The learned counsel for the appellant, although he did not abandon, still he did not press in argument, the sufficiency of this plea. The principle asserted by it has been denied by several decisions of the Court of Appeals. In the case of *Somerville vs. Marbury,* 7 *Gill & Johnson,* 281, the court say: "The only remaining point presented for our consideration is, whether the discontinuance of the first suit, instituted on the bond, in which the complainant was a surety, exonerated him from all liability thereon. This question is so conclusively settled by the principles established by this court in the cases of the *Planters Bank of Prince Georges County, vs. Sellman,* 2 *Gill & Johns.,* 230, and *Sasscer vs. Young & Kemp,* 6 *Gill & Johns.,* 243, that it should not be treated as a subject open to discussion in the courts of equity in this State." These views were fully affirmed in *Lawson vs. Snyder,* 1 *Maryland Rep.,* 79.

What has been said in relation to the 5th is equally applicable to the 7th plea. It was competent to the surety to have paid the debt, and to have preferred his claim against the estate of David Williamson, Jr. His failure to do so cannot work his discharge; nor does the failure of the plaintiffs to make the demand enure to his advantage. *Lawson vs. Snyder,* 1 *Md. Rep.,* 79, and the authorities there relied on.

The ninth plea if defective, it is because of its uncertainty. It alleges that Adolphus exonerated David Williamson, Jr., from his share of the debt and judgment, and that Juliane

released "her respective share or proportion of the debt as aforesaid;" that the plaintiffs, *"or some of them,* have released and discharged D. Williamson, Jr., of and from a large *part* of the sum specified in said condition aforesaid; and that "as to the residue of said sum of money not released and discharged as aforesaid," . . . . "D. Williamson, Jr., fully paid and satisfied the same before the impetration of the writ." The uncertainty of the plea consists in the averment, that "the plaintiffs or *some of them* have relieved and discharged the said David Williamson, Jr., of and from the payment of a large *part* of the sum," &c. The words, "or some of them," and, a "large part," are too uncertain and indefinite. They do not specify which of the plaintiffs, nor what particular part of the debt. But although we consider the plea defective, we nevertheless reverse the ruling of the court below. The defect could only be taken advantage of by *special,* and not by general demurrer, as was attempted. *2 Saunders on Pleading & Evidence,* 722, (*Ed. of* 1829.) In 1 *Chitty on Pleading,* 236, *Ed. of* 1851, it is said, that pleadings must not be insensible or repugnant, nor ambiguous or doubtful in meaning, nor argumentative, nor in the alternative. The same writer shows that the exactions of the rules of pleading in these particulars, have been somewhat relaxed by the new rules of William 4th. They, however, have no operation in this State. The precise point was decided in this State, in the case of *Gardiner vs. Miles,* 5 *Gill,* 100.

<div align="center">

*Judgment reversed and procedendo awarded.*