## JAMES COOPER *vs.* MICHAEL ROCHE.

### *Effect of a Judgment by Default — Practice.*

When a judgment by default has been entered, it is error in the Court to enter a judgment of *non pros.*, because the verdict or inquisition of the jury was for a sum below the jurisdiction of the Court. The judgment by default is conclusive of the question of jurisdiction.

But a judgment by default does not settle the right of the plaintiff to recover the amount stated in his cause of action. The defendant is entitled to have an inquisition by the jury.

APPEAL from the Superior Court of Baltimore City.

The appellant sued the appellee to recover $200, " for broker's commission in finding a purchaser for four ground rents of $165 per annum, each, as per agreement." The suit was brought under the provisions of the Act of 1864, ch. 6. The cause of action was filed with the declaration, and verified by affidavit, as required by that Act. The defendant appeared to the suit, but failing to plead to the declaration, the Court entered a judgment by default against him. The defendant then asked for a jury of inquiry, which was sworn, and assessed the plaintiff's damages at $50. The plaintiff moved to have the inquisition set aside as being against the law and the evidence; this motion the Court overruled, and entered a judgment of *non pros.* for want of jurisdiction—the damages awarded by the jury not exceeding or amounting to the sum of $100—and awarded the defendant his costs.

From the order overruling the motion to set aside the inquisition of the jury, and from the judgment of *non. pros.*, the plaintiff appealed.

On the petition of the defendant, a writ of diminution was ordered by the Court, and issued.

The cause was submitted to BARTOL, C. J., BRENT, GRASON, MILLER and ALVEY, J.

*Benjamin F. Horwitz,* for the appellant.

The judgment by default, regularly entered, was *conclusive* as to the jurisdiction of the Court, and also as to the plaintiff's right to recover the sum claimed in the cause of action to be due, " *as per agreement.*" *Green vs. Hamilton,* 16 *Md.,* 329; *Mailhouse vs. Inloes,* 18 *Md.,* 333; *Davidson vs. Myers, et al.,* 24 *Md.,* 554. If, therefore, the judgment by default, *regularly entered,* in this case was *conclusive* as to the jurisdiction of .the Court and the plaintiff's right to recover, does it not follow that *all* jurisdictional requirements necessary for the purposes of such recovery and the entering of a final judgment, are *conclusively* determined thereby? As the Constitution of this State fixes the *minimum* jurisdiction of the Superior Court at $100, the judgment by default conclusively settled the jurisdictional fact that the plaintiff was entitled to recover $100, and consequently any inquisition assessing the plaintiff's damages after a judgment by default, *regularly entered* by the Superior Court at less than $100 is a nullity, and should be set aside. The Superior Court, therefore, committed error in overruling the plaintiff's motion to set aside the inquisition as void in law.

The judgment by default in this case settled the law of the case, or, in other words, was a confession of the plaintiff's right to recover $200, the amount stated in the cause of action to be due him " *as per agreement.*" *Kiersted vs. Rogers & Garland,* 6 *H. & J.,* 285; *Davidson vs. Myers, et al.,* 24 *Md.,* 554; *Mailhouse vs. Inloes, et al.,* 18 *Md.,* 333.

The Superior Court not only overruled the plaintiff's motion to set aside the inquisition, but it went a step further, and actually entered a judgment of *non pros.* against the plaintiff, and thus put itself in the remarkable attitude of entering *two judgments* in the same case, having a precisely opposite legal effect, and permitting both to stand on its docket at the same time. First, declaring as its solemn, (and in the language of the authorities) " conclusive" judgment, *that the plaintiff is entitled to recover* on the confessed cause of

action, and then, with that judgment standing and in full force on its records, again declaring as its solemn judgment, *that the plaintiff is not entitled to recover,* but *that the defendant is entitled to recover* his costs from the plaintiff. Can any such legal contradiction stand? *Davidson vs. Myers, et al.,* 24 *Md.,* 555; see the case of *Heffner vs. Lynch,* 21 *Md.,* 552.

The Supreme Court of the United States, in the case of *The Mayor vs. Cooper,* 6 *Wallace,* 250, decide that the judgment of the Superior Court is "clearly erroneous" in another particular, interesting and important as a question of practice, that is, in entering a judgment in favor of the defendant for costs, with power to issue execution in a case in which it decides it has no jurisdiction.

*William A. Fisher* and *Charles Marshall,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

It appearing to the Court, that the writ of diminution heretofore ordered in this case, was ordered improvidently and without sufficient cause; the record in the same being full and complete, and in no respect diminished; an order will be passed quashing the writ.

The appeal is from the order of the Superior Court, overruling the motion of the appellant (plaintiff below) to set aside the inquisition of the jury, and also from the judgment of *non pros.*

It was decided in *Heffner vs. Lynch,* 21 *Md.,* 552, that a judgment by default is conclusive of the question of jurisdiction, and of the power of the Court to enter final judgment for the amount ascertained to be due by the inquisition.

That decision did not proceed upon the idea that parties can confer jurisdiction by consent, but that after judgment by default, the question of jurisdiction is not open, and the defendant is estopped and precluded from disputing it. It was error, therefore, for the Court below to enter a judgment of

*non pros.,* because the verdict or inquisition of the jury was for a sum below the jurisdiction of the Court.

The case as presented by the *narr.* was one within the jurisdiction of the Court, and the judgment by default for want of plea, was properly entered, and its binding force and effect could not afterwards be questioned, so far as respected " the power and jurisdiction of the Court in declaring that the plaintiff was entitled to recover." *Green vs. Hamilton,* 16 *Md.,* 317.

But the appellant is in error in supposing that the judgment by default settled the right of the plaintiff to recover the amount stated in his cause of action. On this ground alone the appellant has sought to maintain his appeal from the order overruling his motion to set aside the inquisition. But there is no authority for giving to the judgment by default any such force or effect. If that were so, it would deny to the defendant the right to have the damages ascertained by a jury, and would make such a proceeding idle and nugatory. The defendant was entitled to have an inquisition by a jury; their verdict is not open for examination on this appeal; and it settled the amount which the plaintiff was entitled to recover.

The judgment of *non pros.* will be reversed and judgment entered for appellant for the sum ascertained by the jury and costs.

*Judgment of non pros. reversed*
*and judgment for appellant.*

(Decided 21st June, 1872.)