GEORGE W. POLE *vs.* JAMES S. SIMMONS, and CHARLES S. SIMMONS, Adm'rs of RICHARD E. SIMMONS.

*Intent of the provision in Art. 93, sec. 104, of the Code, authorizing an Administrator to retain money to meet a claim known to him, though not exhibited, against his Decedent— Effect of retaining money to meet such claim—What is essential to the Admissibility of the promise or acknowledgment of one of several Administrators, in a Suit against all, to take the case out of the Statute of Limitations.*

The provisions of the testamentary law (Code Art. 93, sec. 104,) authorizing the administrator to retain money to meet a claim known to him, "provided he can satisfy the Court that such claim is just or may probably be recovered," is intended to promote despatch of business in the settlement of decedents' estates by setting apart a fund to meet outstanding claims, without delaying distributees or postponing the final account until all claims are satisfied.

The entry of such a retainer does not imply an acknowledgment that anything is due, nor deprive the administrator of the right to contest in Courts of law every such claim, by whatever legal defence he thinks proper to resort to.

An administrator may undoubtedly by his promise or acknowledgment revive a debt due by his intestate, but the act of retainer to meet the claim legally imports neither promise, admission nor acknowledgment, express or implied.

It is essential to the admissibility of the promise or acknowledgment of one of several administrators, in a suit against all, to take the case out of the Statute of Limitations, 1st. That the original debt be proven *aliunde*, 2nd. That the promise or acknowledgment occur before the debt be barred by the Statute, and 3rd. That the admission be made within three years before the commencement of the suit.

APPEAL from the Circuit Court for Frederick County.

The nature of the case and all the exceptions, including the eighth, based on the granting by the Court, (BOUIC,

J.,) of a prayer offered by the defendants, are stated in the opinion of the Court.

The jury rendered a verdict for the defendants, and the plaintiff appealed.

The cause was submitted to BARTOL, C. J., BOWIE, STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*Fred. J. Nelson*, for the appellant.

*Wm. P. Maulsby, Jr.*, for the appellees.

BOWIE, J., delivered the opinion of the Court.

The appellant sued the appellees as administrators of Richard E. Simmons, in the Circuit Court for Frederick County, on the 20th of August, 1875.

The *narr.* contained the common counts for money payable by the intestate in his life-time, as set out in Art. 75, Code of Public General Laws.

The appellees pleaded, 1st, That their intestate never promised as alleged; 2ndly, That he never was indebted as alleged; 3rdly, That the cause of action accrued more than three years before the suit was brought; and other pleas not necessary to notice, as no question arises on them.

Issues were joined on the first and second pleas, and on the replication to the third.

A bill of particulars being demanded by the appellees, an account was filed by the appellant purporting to be an open account due by Richard E. Simmons, deceased, to the appellant, running from September, 1856, to February 17, 1872, with a probate attached of the date 23rd March, 1871, sworn before the Register of Wills of Frederick County, endorsed, "By the Orphans' Court," "Will pass when paid." Test: S. G. Cockey, Register.

At the trial seven bills of exception were taken by the appellant to the rulings of the Court, excluding evidence

offered by him ; and one to the instruction of the Court, granted at the instance of the appellees. that upon the issue joined upon the third plea the verdict must be for the defendant.

The appellant to prove the issues on his part offered the record from the office of the Register of Wills of Frederick County, of the second account of Chas. S. Simmons, as administrator of Richard E. Simmons, deceased, containing the allowances prayed by the said administrator, among others, one to this effect: "No. 30, For this sum retained to pay George W. Pole, his account proved and passed, as per docket appears $165.77 ;" but the Court refused to allow such evidence to be offered, whereupon the appellant excepted.

The appellant then proposed to prove by George Morgan, one of the Deputy Registers in the office of the Register of Wills of Frederick County, that the account constituting the bill of particulars filed in the cause, was proved by the appellant, and passed by the Orphans' Court, as appears by the endorsement on said account, and said endorsement is in the hand-writing of the witness, but the Court refused to admit said evidence.

The appellant further to sustain the issues on his part offered to prove, "the entry of the claim of plaintiff against the estate of Richard E. Simmons, in the claimants' docket, one of the records of the Orphans' Court," etc., which evidence the Court also refused to admit.

The appellant further to support the issues joined on his part, offered to testify on his own behalf to a conversation had between himself and Chas. S. Simmons, and being asked by his counsel, "Did you at any time have a conversation with Chas. S. Simmons about the cause of action in this case; if so, state when and what that conversation was?" the witness said, "that on the 17th day of February, 1872, he met Chas. S. Simmons, one of the defendants ;" at this point the attorney for the defendant objected to the

witness answering further, which objection the Court sustained.

The appellant then offered to prove by himself the hand-writing of a certain letter marked C. S. S., to which evidence the appellees objected, and the Court sustained the objection.

The appellant then offered as evidence, the second and third (the third being the final), accounts of the defendants in the Orphans' Court; to which the appellees objected, and the Court sustained the objection.

The appellant then offered to prove by J. H. Keller, Deputy Register of Wills of Frederick county, that there is not any order of the Orphans' Court, on file, or of record, in the office of Register of Wills of said county, directing or authorizing the defendants to retain any money belonging to the estate of Richard E. Simmons, to meet the exigencies of this suit, or for any purpose; to which testimony, the defendants' counsel objected, and the Court sustained the objection.

The appellant then proved, that the account which is the cause of action in this case, was the only account of this plaintiff, which was proved or passed by the Orphans' Court, against the estate of Richard E. Simmons, and proved the hand-writing of the defendant, C. S. Simmons, to a letter dated 6th March, 1872, commencing "enclosed, find your account and check for $163.15," and concluding, " receipt the account and send it by mail, as we must have it to file," and also a check, dated Frederick, Maryland, 6th March, 1872, for $163.15, on the Frederick County National Bank, payable to George W. Pole, or order, in full of accounts and claims against the estate of R. E. Simmons, signed " Jas. S. and C. S. Simmons, Adm'rs of R. E. Simmons." The appellant further proved by George Morgan, that he was present at a conversation between the defendant C. S. Simmons and the Judges of the Orphans' Court, of which conversation the account,

(the cause of action in this case,) was the subject; that the Judges of said Court said to Mr. Simmons, that he must either pay or settle the plaintiffs' account, before he could settle his second account with the Orphans' Court; that he does not recollect what defendant said, if he said anything to this remark of the Court; that the witness was at the time of this conversation, making up the defendant's second account, as administrator of Richard E. Simmons, and that immediately after said conversation between the defendant and the Orphans' Court Judges, he proceeded to make up the second account of the defendant, as administrator, as the same appears by the original second account, then in the hands of the witness, which account was in witness' hand-writing. The plaintiff then closed his case, whereupon the defendants prayed the Court to instruct the jury, that upon the "pleadings joined on the third plea," their verdict must be for the defendants, which instruction being granted, the plaintiff excepted.

Although the specific object of the testimony offered in the several bills of exception was not suggested in the exceptions, it is obvious, their main purpose was, to remove the bar of the Statute of Limitations, and the counsel for the appellant in his brief in this Court, has confined his argument to the ruling of the Court on that issue, and the fourth bill of exceptions, refusing to allow the appellant to testify as to his conversation with one of the appellees.

The second account offered in evidence, contained it is said, an item of $165.77, retained by the defendants, to pay the plaintiff's claim with an affidavit of Charles S. Simmons, one of the defendants, and one of the administrators of Richard E. Simmons, annexed, "that the foregoing account was just and true, and that he has paid or secured to be paid the several sums for which he prays an allowance."

The appellant further offered to prove by Keller, the account which was the cause of action, was the only

account which the appellant had proved, and passed by the Orphans' Court, against the estate of Richard E. Simmons.

It is insisted, that upon this state of the evidence, it was error in the Court below, to have instructed the jury, that upon the pleadings joined upon the third plea, (Limitations,) their verdict must be for the defendants.

These items of evidence taken separately or collectively, were not sufficient, in our opinion, to remove the bar of Limitations.

An administrator is required by our testamentary law, (Art. 93, Code Pub. Gen. Laws, sec. 104,) to pay all just claims against his decedent exhibited to him, or a just proportionable part thereof, according to the assets ; and if any claim be known to him, (although the same be not exhibited,) he shall retain the same, or a just proportionable part for the benefit of the creditor, provided he can satisfy the Court that such claim is just, or may probably be recovered, etc.

By a preceding section of the same Article, it is provided " No administrator shall be obliged to discharge any claim of which vouchers and proofs shall be exhibited as aforesaid, but may reject, and at law dispute the same, in case he shall have reason to believe that the deceased never owed, or had discharged the same, or a part thereof, or had a claim in bar."

. In the case of *Miller, Adm'r of Pottinger vs. Dorsey, et al.*, 9 *Md.*, 317, a creditor of the deceased was paid by the administrator a dividend, out of the assets in hand ; subsequently, the first administrator having removed, an administrator *d. b. n.* was appointed, other assets accrued, and the administrator *d. b. n.* refused to recognize the claim, which the first administrator had paid in part. The Orphans' Court of Washington County, upon petition ordered the administrator *d. b. n.*, to distribute the fund, first to the creditors, to whom the first administrator had

paid in part. Upon appeal to this Court, it was held, that "admitting the administrator *d. b. n.* had but the rights which belonged to the first administrator, it did not preclude him from objecting to any claim which may be presented against the estate. The payment of a dividend by the original administrator, did not preclude him on the ascertainment of grounds of objection to claims once acknowledged by him, from urging such objection in a Court of law. It cannot be pretended, that if an administrator should, after acknowledging a claim against the estate of his intestate, discover that it had been paid, he would be debarred from setting up such fact to defeat the claim. And if this be so, why not the administrator *d. b. n.?*"

"In either case the administrator is, in the first instance, the only judge, whether the claim shall be paid or not. To his discretion and conscience alone is confided the propriety and justice of the interposition of the plea of Limitations; with this the Orphans' Court has nothing to do."

The order of the Orphans' Court was reversed.

The provision of the testamentary law, authorizing the administrator to retain money to meet a claim known to him, "provided he can satisfy the Court, that such claim is just, or may probably be recovered," is intended to promote dispatch in the settlement of decedents' estates, by setting apart a fund to meet outstanding claims, without delaying distributees or postponing the final account until all claims are satisfied.

The entry of such a retainer does not imply an acknowledgment, that anything is due, nor, as we have seen, deprive the administrator of the right to contest in Courts of law, every such claim by whatever legal defence he thinks proper to resort to.

An administrator may undoubtedly by his promise or acknowledgment, revive a debt due by his intestate,—*vide Forbes vs. Perrie's Adm'r,* 1 *H. & J.,* 109; *Chapman vs.*

*Dixon's Adm'x,* 4 *H. & J* , 527 ; *Quynn vs. Carroll's Adm'rs,* 10 *Md.*, 197,—but the act of retainer evidenced by the record, legally imports neither promise, admission, nor acknowledgment, express or implied.

The case has been considered thus far as if the defendant Charles S. Simmons, was the sole administrator, but the record shows a joint action against James S. Simmons and Charles S. Simmons, administrators, they appear and plead as such, and there is nothing to show that James S. Simmons, is dead, or has removed, or in any way ceased to be co-administrator. Assuming that James S. Simmons is alive, the question occurs, how far the act of one of several administrators will bind the others.

This view is important, not so much as to the evidence of the record of the second account, which could bind neither if both had participated in it, as in consideration of the admissibility of the declaration proposed to be given in evidence in the fourth bill of exceptions.

The question, the *further* answer to which was arrested and excluded by the Court, presented in this exception was, "Did you at any time have a conversation with Chas. S. Simmons, about the cause of action in this case ; if so, state when and what that conversation was?" the witness in reply stated, "that on the 17th of February, 1872, he met with Chas. S. Simmons, one of the defendants," when he was stopped.

The admissibility of the answer to this question depended upon three circumstances, neither of which appeared in this case.

1st. The proof of the original debt, "*aliunde*," and the fact, that the conversation to be given in evidence occurred before the debt was barred by the Statute of Limitations ; 3rdly. The admission must have been within three years before the commencement of the suit.

The admissibility of the promise or acknowledgment of one of several administrators to take the case out of the

Statute of Limitations, was very thoroughly discussed and carefully considered by this Court, in the case of *McCann, et al.,* Adm'rs *vs. Sloan & Caldwell,* 25 *Md.,* 575.

After collating the authorities in the several States and in England, it was conceded the weight of the authority was against such testimony, but this Court coincided with the reasoning of those cases which held it to be admissible *when made before the Statute has operated* upon the claim, and where the claim is established by proof *aliunde.*

The language of this Court on the latter requisite is, " But we are clearly of opinion, that this can only apply where the claim is established by proof *aliunde,* and that such promise or acknowledgment cannot be relied on for the purpose of establishing the existence of the debt as against the other administrators." *Ibid,* 587.

The conversation between the appellant and one of the appellees, was not inadmissible, because one was an administrator of a deceased man, and the other his supposed creditor, but, because the preliminary fact, the indebtedness of the deceased had not been established.

This Court in the case last cited, said : " The law seems to us to be correctly stated in 2 *Smith's Leading Cases,* (5th *Edit.,*) 388, note, where it is said, 'executors have joint authority and power touching debts due by the testator ; and if you prove *aliunde,* that the claim sued upon was a debt of the testator, you lay a ground for admitting the acknowledgment of one to be evidence against the other ; thus, if you prove that it was a debt due by the testator, an acknowledgment by one would take the case out of the Statute of Limitations, against both and against all ; *Johnson vs. Beardslee,* 15 *Johns.,* 3 ; but for the purpose of proving the fact whence the joint interest and power arise, viz., for proving that it was a debt due by the testator, the confession of one is not evidence in a suit against both. *Hammon vs. Huntley,* 4 *Cowen,* 493.' "

Commenting on the above this Court remarks: "This must be understood, however, with reference to what has been before said, as to whether the acknowledgment has been made before or after the Statute has operated. In the latter case it would seem a promise or acknowledgment of one of several co-administrators would not bind the others. See *Ellicott vs. Nichols, 7 Gill,* 102."

The cause of action in this case runs from 1856 to 1859, when a balance is struck and then interest is charged against deceased, from 1st April, 1859, to 1871, and on this balance interest is charged to 17th February, 1872 ; the probate on the account is dated 23rd March, 1871, it does not appear when the intestate died or administration was granted.

The letter and check offered in evidence of the 6th of March, 1872, were more than three years before the commencement of the suit ; as were all the acts and declarations offered in evidence in the preceding exceptions.

Discovering no error in the rulings of the Court below the judgment will be affirmed.

*Judgment affirmed.*

(Decided 16th May, 1878.)