A. HENRY STRASBAUGH, Executor, Etc., *vs.* WILLIAM DALLAM, Executor, Etc.

*Executors and Administrators—Claim Against the Estate Denied by One Executor and Admitted by the Other—Devisee of Land Subject to Mortgage Not Entitled to Compel Assignment by Mortgagee.*

When one of two executors denies the validity of a claim against the decedent's estate which had been passed by the Orphans' Court, the other executor cannot require the passing in that Court of an account allowing the claim, but the party making it must have it established by a proceeding at law or in equity.

The devisees of land subject to a mortgage may extinguish it by payment, but they cannot compel the mortgagee to sell or assign it.

Appeal from the Orphans' Court of Harford County.

The cause was argued before McSherry, C. J., Fowler, Boyd, Pearce and Schmucker, JJ.

*John S. Young,* for the appellant.

*Jas. J. Archer* (with whom was *Robert Archer* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant and the appellee are co-executors of the will of William Dallam, late of Harford County, who died in 1899. The appellant is also the executor of the will of Wm. F. Pannell, who died some years ago.

The late William Dallam's estate consisted of his home farm and a small amount of personal property and it was all given by his will to his four children, of whom the appellee is one. The farm is subject to a first mortgage for $1,000 to the appellant which is undisputed and a second mortgage for $1,200 to the late Wm. F. Pannell, the validity of which is the subject of dispute. The appellant proved the two debts secured by the several mortgages, as claims against Dallam's estate proving one in his own right and the other on behalf of the estate of Wm. F. Pannell. Both claims were passed in the usual form by the Orphans' Court.

The appellant and appellee as executors of Dallam, took possession of his personal estate, converted it into money and paid the expenses of the administration and then passed in April, 1900, their first account in the Orphans' Court, showing a balance of $701, applicable to the payment of the debts of their testator.

No material change in the situation occurred until the following December, when the appellant filed in the Orphans' Court the petition against the appellee which set in motion the present controversy. The petition charged that the appellee refused to unite in passing an account applying the assets in hand to the payment of the debts of the testator, and also that he refused to permit the appellant to see the books and papers of the testator relating to his estate; and it prayed for an order requiring him to produce the books and papers and unite in stating an account.

The appellee answered the petition denying that he had withheld the books of the estate from his co-executor, but

admitting his failure to unite in passing an account applying the assets in hand to the payment of all debts of the testator and assigning as the reason for his refusal that the children of the decedent of whom he was one objected to the payment of the mortgage claim, asserted by the appellant as Pannell's executor, because they contended that it had long since been paid. The answer further averred that Dallam's children had paid all the debts proven against his estate except the two mortgages and had offered to pay off in full the mortgage due to the appellant in his own right and take an assignment of it, but the appellant had refused to accept payment and make the assignment. The answer then suggested that an account be passed awarding to the appellant the proper proportion of the assets in hand applicable to the payment of his own mortgage and that the proportion of the assets which would be applicable to the Pannell mortgage, if its validity were admitted, be retained until its validity could be passed upon by a proper and competent tribunal.

A general and a special replication were filed to the answer and a demurrer was filed to the replications, but we deem it unnecessary to discuss these pleadings as the technicalities of common-law pleading have never been introduced into the Orphans' Court and a demurrer has no place there (*Hignutt* v. *Cranor*, 62 Md. 216; *Munnikhuysen* v. *Magraw*, 57 Md. 172), and the real issue between the parties is presented by the allegations of the petition and answer, the substance of which we have already stated.

Later on in the progress of the case a petition was filed by the appellee asking that the proceedings be made plenary, but no formal action was taken thereon. Subsequently, still another petition was filed by him, again asserting that Dallam's children with a view to preserving the farm which was their home had paid all of the debts proven against the estate, except the two mortgages already mentioned and reiterating that they had offered to purchase and take an assignment of the appellants own mortgage, but that they disputed the validity of the Pannell estate mortgage. In this last petition the ap-

pellee definitely in his capacity of an executor of Dallam's estate denied the validity of the last mentioned mortgage and refused to pay it.  The prayer of this petition was that in view of probable further delay in the settlement of the estate the executors be authorized to deposit in bank at interest the $701 of assets in their hands.  The deposit was ordered by the Court as prayed.

The controversy came to a hearing on November 13th, 1900, when the appellee produced in Court all of the books and papers of the deceased for the inspection of his co-executor and tendered himself ready to unite in passing an account allowing the appellant on account of the mortgage held by him individually a proportionate part of the fund in hand and retaining the balance until the validity of the mortgage held by him as Pannell's executor was established by the proper tribunal.  Counsel were heard in argument and the Court after deliberation passed the following order: "It is ordered this 3rd day of December, 1900, that said petition be and the same hereby is dismissed except so far as relating to the papers being produced in Court which was complied with." From that order the present appeal was taken.

We think the petition was properly dismissed by the Orphans' Court.  The allegation that the appellee withheld the books and papers of the testator from his co-executor was not supported by the evidence and the attitude which he assumed throughout the pleadings and at the hearing in reference to the accounting was in accordance with his duty in the premises.

The passing by the Orphans' Court of the two mortgage claims held by the appellant against Dallam's estate did not finally establish their validity.  If from the representations made to the appellee as one of the executors of the estate by the proper parties in interest he had good reason to doubt the validity of either of the claims it became his duty to dispute it.  It then became incumbent upon the party asserting the claim to institute an appropriate suit thereon at law or in equity and have it established by a final judgment or decree.

Code, Art. 93, sec. 107.  *Levering* v. *Levering*, 64 Md. 415 ; *Bowling* v. *Lamar*, 1 Gill, 363 ; *Bowie* v. *Ghiselin*, 30 Md. 553.

The appellee repeatedly declared himself ready to unite with the appellant in the statement of an account disposing of the assets in their hands in accordance with the proper practice in such cases and in such manner as to allow the appellant full opportunity to establish his disputed claim by appropriate proceedings in a competent Court but the latter persistently failed to co-operate with him in doing so.  The record fails to disclose any proper grounds for the filing by the appellant of the petition on which the proceedings in this case are founded and the Court committed no error in dismissing it.

We do not mean to decide that the appellant was under any obligation to sell and assign his mortgage at the request of Dallam's children.  They as devisees of the farm, were of course, entitled to pay off and extinguish the mortgage debt, but they could not compel him to sell or assign it to any one.

For the reasons which we have stated the order appealed from will be affirmed with costs.

*Order affirmed.*

(Decided November 21st, 1901.)