# WILLIAM T. MARTIN

*vs.*

# WALTER LONG.

*Default Judgment—Motion to Strike Out.*

One who was duly served with summons in an action against him for personal injury was not entitled to have a default judgment against him stricken out after the term, merely on his testimony that the plaintiff's attorney told him over the telephone that it was "all right" if he was not the man who caused the injury, and so left him "under the impression" that "he (the attorney) was going to attend to it," such defendant being positively identified as the person who caused the injury, and plaintiff's attorney denying defendant's version of the telephone conversation.

*Decided January 11th, 1923.*

Appeal from the Circuit Court for Allegany County (DOUB, J.).

Action by Walter Long against William T. Martin. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Clarence Lippel,* with whom were *Young & Lippel* on the brief, for the appellant.

*F. Brooke Whiting* and *J. Philip Roman,* submitting on brief, for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The record in this case presents but a single question for determination, viz.:   Did the Circuit Court for Allegany County act correctly in its refusal to strike out a judgment originally entered by default and subsequently extended for the sum of $1,385, in favor of the plaintiff against the defendant?   It is conceded in the case that the motion to strike out was not made until after the lapse of the term, so that the judgment had become enrolled, and the question presented by this appeal is far from being a new one in this State or elsewhere.   The law governing a case of this character is fully set out in 2 *Poe, Pl. & Pr.*, section 392, *et seq.*, where the author says:   "In passing upon applications to strike out judgments when such applications are made during the same term at which the judgments were entered, our courts usually act liberally; and, upon reasonable proof of merits, and other equitable circumstances, strike out the judgments and let the defendant in to be heard; but where the application to strike out is made by the defendant after the lapse of the term, and when the judgment has consequently become enrolled, much greater strictness is observed.   In these cases the court acts in the exercise of its *quasi* equitable powers, and will take into consideration all the facts and circumstances of the case, nor will the judgment be stricken out except upon clear proof of fraud, deceit, surprise or irregularities; * * * and the application must disclose meritorious, *bona fide* and substantial defense, for it is a necessary principle of our jurisprudence that judgments are presumed to have been made up after careful deliberation, and consequently that they should not lightly be interfered with."

The same rule is stated by quite a number of other text writers, and has been applied in this State in a number of cases.   See *Pumpian* v. *Rice,* 135 Md. 364; *Foxwell* v. *Foxwell,* 122 Md. 263; *Sunderland* v. *Braun Packing Co.,* 119 Md. 125; *Houston* v. *Wilcox,* 121 Md. 91; *McCambridge* v. *Walraven,* 88 Md. 378, and *Malone* v. *Topfer,* 125 Md. 157.

The motion to strike out does not appear in full in the record, but what it must have contained can be determined from the evidence which was produced at the hearing of the motion. There is certainly in none of this any thing to warrant the idea that the obtention of the judgment was obtained by fraud or deceit. Thus the defendant in the original suit testified to the service of summons which was handed to him to read, in which he is corroborated by the deputy sheriff who served the summons and then it was thereafter handed to his father-in-law, a justice of the peace of Allegany County, who again read it. No irregularity appears to have taken place in the case, nor was there any affidavit accompanying the motion to the effect that the defendant in the original proceeding had a good and meritorious defense. The most upon which it could have been based was the theory of surprise, as that can be deduced from the answer of the appellant on direct examination, when the appellant testified: "Then I goes home that evening and my father-in-law told me to 'tend to it and I called up Mr. Whiting and I could not get him and I tried to get him again and I could not get him, then I got him at the house and I asked Mr. Whiting what the trouble was and he asked me whether I was in any automobile accident and I said, 'No, I wasn't in any automobile accident,' and then he asked me was I some time ago and I said I was not the man because I wasn't in no accident. Mr. Whiting said, 'if you are not the man, all right then.' After that I left everything go. He left me under the impression that he was going to attend to it."

As opposed to this was the positive identification of the appellant when on the witness stand as the individual who had caused the accident which gave rise to the original action; furthermore, the witness is not borne out by the version of the telephone conversation given by Mr. Whiting, and the most that the appellant really says is that he was "under an impression." The judgment by default entered against him was therefore clearly owing to his own neglect in following

the matter up after the telephone conversation with Mr. Whiting, and his failure to do as his father-in-law had advised when he told the appellant "to 'tend to it." This is far removed from what might be included under the expression "surprise."

In this condition of the case the Circuit Court for Allegany County was clearly correct in overruling the motion, and the judgment will accordingly be affirmed.

> *Judgment affirmed, the appellant to pay the costs above and below.*