## GEORGE HENRY MURRAY *v.* K. BERTHA HURST ET AL., EXECUTORS.

[No. 20, October Term, 1932.]

482

*Decided November 30th, 1932.*

The cause was argued before Bond, C. J., Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Herbert L. Grymes* and *John Raum,* for the appellant.

*W. Ashbie Hawkins* and *Charles H. Houston,* with whom were *William H. Hastie* and *Edward P. Lovett* on the brief, for the appellees.

Parke, J., delivered the opinion of the Court.

John Hurst, a resident of Baltimore City, died testate, and letters testamentary were granted by the Orphans' Court of Baltimore City to his executors, K. Bertha Hurst and Benoni Price Hurst.

While the estate was in course of administration, George Henry Murray brought an action at law against the executors in their representative capacity. The suit was begun in the Superior Court of Baltimore City on July 1st, 1931, by the filing of a declaration, and was instituted, as is authorized by statute, in the jurisdiction where the executors were granted letters testamentary. Code, art. 75, sec. 158; *Bonaparte v. State,* 63 Md. 474. The cause of action was the breach by the testator of an alleged contract of agency between him and the plaintiff with respect to the development, management, and sale of certain real estate of the testator. The plaintiff filed a bill of particulars, which was a purporting account of the receipts and disbursements of the agent and disclosed a balance due him of $2,453.72. The writ was returned "Summoned K. Bertha Hurst to July Return Day and copy left. Non est as to Benoni Price Hurst."

The action was not brought under the speedy judgment act in effect in Baltimore City, and the local statute applicable provides: "308. When a declaration in any action shall

be filed in court, and a copy thereof delivered to the defendant before the day of the return of the writ, and the defendant shall be summoned before the said day of the return of the writ, he shall plead before the next succeeding return day, or judgment by default for want of a plea shall be entered by the court or clerk thereof, upon motion in writing made by the plaintiff, or his attorney, then, or at any time thereafter, before the filing of a plea by the defendant, unless the court for good reasons shall have granted said defendant further time to plead; and upon such entry of judgment, the plaintiff may forthwith sue out his writ of inquiry, or otherwise enter up final judgment according to the course of the court." Flack's Code of .Public Local Laws, art. 4, sec. 308, p. 1048.

No appearance having been entered nor plea filed, the plaintiff filed on September 8th, 1930, a motion in writing for a judgment by default for want of plea against K. Bertha Hurst, co-executrix, and the court forthwith accordingly entered this judgment. As the plaintiff did not then extend the judgment, notice, according to the rules of practice, was later served upon K. Bertha Hurst to show cause why the judgment by default should not be extended.

The record contains rule 20 of the Supreme Bench of Baltimore City, which provides that "a judgment by default may be stricken out at any time within thirty days after its entry, unless otherwise provided by statute." There was no statutory provision limiting the operation of this rule, and the attorney for the two executors, upon the service of the notice of an application for an extension of the judgment by default, prepared a petition for the executors reciting the state of the pleadings and the returns indorsed on the writ of summons, and prayed that the interlocutory judgment be not extended against the one executrix, because she had no knowledge that such a separate judgment could be entered until both defendants had been summoned, and prayed the court to allow the defendants to file proper pleas in order that the case might be tried on its merits inasmuch as the defendants had a valid and meritorious defense.

The allegations of this petition were verified by the attached oath of the defendant who had been served with the process, and at the foot of the petition was an order which was in conformity with the prayer of the petition and which had been prepared for the signature of the judge.

At this time the courts of Baltimore City were in the midst of the summer vacation, and this petition was presented by the attorney for the defendants to the particular judge who was then sitting under special weekly assignment. According to the record, the judge was informed that the attorney would enter his appearance for the defendant executor who had not been summoned, and who was not a resident of the State of Maryland. The attorney further told the judge that he had ready for filing the pleas of the executor Benoni Price Hurst, setting up a defense on the merits. The court orally stated that the counsel need not file the petition, but that he should file his pleas, and thereupon, on September 23rd, 1931, the attorney did not file the petition which he had shown to the judge, but filed for the nonresident executor the general issue pleas, which denied that his testator was ever indebted to the plaintiff or had ever promised him as alleged.

Nothing further was done of record until January 21st, 1932, when the parties appeared in court for a hearing. The defendants objected in open court to the extension of the judgment by default, on the ground that they had a meritorious defense, and that the pleas by one of the executors prevented the entry of a final judgment against the estate of the testator. The presiding judge ruled that the plaintiff had a legal right to have the judgment by default extended, and that, according to his practice in similar circumstances, he would immediately extend the judgment by default in the full amount claimed, and then strike out the judgment so entered and permit the executors to defend. The court was advised that $2,868.55 was the full amount claimed by the plaintiff, and, without testimony, extended the judgment in that amount, and forthwith struck down the judgment on defendant's motion, and then set aside the interlocutory

judgment against K. Bertha Hurst, executor of the testator, on condition that the executors file in the cause a bond in the penalty of $2,500 as security for the payment of any final judgment which might be entered against such executors. The bond was filed and approved, and the judgment by default stricken down, and the court granted the defendants leave to plead, and directed that the cause stand for trial on its merits. The two executors thereupon jointly pleaded that their testator had never promised nor was he indebted as alleged; the plaintiff joined issue, and, on the same day, the case proceeded to trial before the court, without the aid of a jury, and late on the second day the verdict was rendered in favor of the defendants. The plaintiff afterwards moved for a new trial, which was overruled, and a judgment was entered in favor of the defendants for costs.

The principal questions on the appeal relate to the action of the court in annulling the interlocutory and final judgments. It has been observed that the extension of the judgment by default was a mere formality in which the court's declared purpose to rescind inhered. The annulment of the judgment was within the period of thirty days, which in Baltimore City is the equivalent of the current term of court, and so was within the sound discretionary control of the court. *Malone v. Topfer,* 125 Md. 157, 163, 93 A. 397. The appellant does not argue that the final judgment, which was entered without any testimony of the amount due, was not properly set aside (Code, art. 75, sec. 94; *McLaughlin v. Ogle,* 53 Md. 610; *Rutherford v. Pope,* 15 Md. 579, 580), but contends that the judgment by default had become enrolled before the court finally struck it down on January 21st, 1932.

The general rule which is enforced in this jurisdiction is that a judgment by default becomes enrolled upon the expiration of the term of the circuit court of the county at which it is entered, or, in the event the action is one of the courts of Baltimore, upon the end of thirty days after the entry of the judgment by default. After enrollment, a judgment by default may not be set aside except upon the ground of either fraud, deceit, surprise, or irregularity. *Green v.*

*Hamilton,* 16 Md. 329; *Mailhouse v. Inhoes,* 18 Md. 328, 333; *Henderson & Ross v. Gibson,* 19 Md. 234, 238; *Heffner v. Lynch,* 21 Md. 552, 556; *Hall v. Holmes,* 30 Md. 558, 561; *Cooper v. Roche,* 36 Md. 563, 566; *German v. Slade,* 42 Md. 510, 512; *Loney v. Bailey,* 43 Md. 10, 15; *Abell v. Simon,* 49 Md. 318, 323, 324; *Smith v. Black,* 51 Md. 247, 251; *Marlin v. Long,* 142 Md. 348, 120 A. 875; *Craig v. Wroth,* 47 Md. 281.

Upon a motion to strike out a judgment by default after it is enrolled, the court proceeds in the exercise of a general equitable jurisdiction, and will consider all the facts and circumstances, but will require that the party making the application shall clearly show by convincing proof that he acted in good faith, with ordinary diligence, and that he has a meritorious defense. *Tiernan v. Hammond,* 41 Md. 548, 552; *Waters v. Engle,* 53 Md. 179, 182; *Coulbourn v. Fleming,* 78 Md. 210, 214, 27 A. 1041; *Jones v. State,* 118 Md. 67, 71, 83 A. 1100; *Pumpian v. E. L. Rice & Co.,* 135 Md. 364, 109 A. 71; *Craig v. Wroth,* 47 Md. 281, 283.

There was no fraud nor deceit, but the return of the sheriff was "Summoned K. Bertha Hurst to July Return Day and copy left," and therefore the return neither showed a service upon her in her representative capacity as executrix nor that the "copy left" was of the declaration and not of the summons. *May v. Wolvington,* 69 Md. 117, 123, 14 A. 706. Accepting the sufficiency of the summons of the executrix, because the petition filed by her asserts that the service was, in fact, upon her in her capacity as executrix, neither the return nor the record affirmatively shows that it was a copy of the declaration that had been served. As pointed out in *Boggs v. Inter-American Mining & Smelting Co.,* 105 Md. 371, 385, 66 A. 259, a copy of the writ is commonly left with the party upon whom service is had. It follows that the judgment by default was improvidently entered, unless a copy of the declaration had been delivered to the defendant before the return day of the writ, because this service is a statutory condition precedent to a judgment by default in Baltimore City before the filing of the plea. *Flack's Local*

*Code,* art. 4, sec. 308, p. 1048; *Wilkin Mfg. Co. v. Melvin,* 116 Md. 97, 104, 106, 81 A. 879.

In *Fick v. Towers,* 152 Md. 335, 341, 136 A. 648, 650, this court quoted with approval the rule formulated in *May v. Wolvington,* 69 Md. 117, 14 A. 706, that "by long established practice in the courts of the City of Baltimore, a defendant is not required to plead to a declaration, unless a copy of it has been served upon him. It is evident from the act of 1886 [ch. 184], secs. 166, 168, that it was not the intention of the statute to change this practice. If therefore a copy of the declaration was served on the defendants' attorney in this last mentioned suit, they are in default, but not otherwise."

Since there is nothing in the record which establishes that a copy of the declaration was actually served upon the executrix, an entry of judgment by default against her was unauthorized, and therefore unexpectedly placed the defendant, without any fault of her own, in a position which would be injurious to her interest. The entry of the interlocutory judgment was accordingly both a surprise and an irregularity, which justified the court in striking out the judgment by default. While there is no docket entry showing the leave granted, the proof was conclusive that the attorney for the executors had appeared before the presiding judge when the judgment by default had not become enrolled, and was directed to file pleas in bar of the action. The pleas were accordingly filed on September 23, 1931, in behalf of the executor who had not been summoned. This action of the court in permitting pleas in bar and to the merits of the action could only become effective by a previous rescission of the pending judgment by default. The failure of the court so to order or, having so ordered, of the docket to set forth the entries to this effect, cannot be imputed to the pleader, and so deny him what was then granted within the exercise of the court's discretion. Giving the leave to plead to the merits and in bar of the action necessarily involved vacating the unenrolled interlocutory judgment, which was then yet within the breast of the court. *Gross v. Wood,* 117 Md. 362,

366, 367, 83 A. 337; 2 *Poe's Pl. & Pr.,* secs. 357B, 388 n. 17, 390, 392, 393; *Stern v. Bennington,* 100 Md. 347, 60 A. 17.

For many purposes, co-executors are regarded in law as one person, as, for instances, the possession of one executor is generally the possession of all, and all powers and duties which remain unexecuted and unperformed pass to the survivor (*Crothers v. Crothers,* 121 Md. 114, 117, 88 A. 114; *Watkins' Admrs. v. State, to use of Shaw,* 2 G. & J. 220; *Montgomery v. Black,* 4 H. & McH. 391; *Beall v. Hilliary,* 1 Md. 190); but these general powers have their exceptions and statutory limitations, which need not be here enumerated, but which will be illustrated, in part, by reference to some cases and statutory provisions (*Yakel v. Yakel,* 96 Md. 245, 53 A. 914; *Mitchell v. Williamson,* 6 Md. 216, 217; *McCann v. Sloan,* 25 Md. 587; Code, art. 93, secs. 47, 144, 270, 290, 293-295), and specifically by actions at law against two or more executors in respect of an obligation or liability of their testator. If one of such executors were sued, the non-joinder could be pleaded in abatement of the action, since their legal interest is joint. 2 *Evans' Harris' Entries,* 23; Code, art. 75, sec. 158; 1 *Poe's Pl. & Pr.,* secs. 353, 405, 406; 2 *Id.,* sec. 65.

If the defendant sued and summoned were the sole executrix and a copy of the declaration filed at the beginning of the action at law in Baltimore City had been duly served, her failure to plead by the time limited would have been regarded as an admission of the plaintiff's cause of action and of a sufficiency of assets of the estate to discharge the claim. 1 *Poe's Pl. & Pr.,* secs. 408, 409; Code, art. 93, secs. 111-113; *McLaughlin v. McGee,* 131 Md. 156, 161, 101 A. 682. If, however, the testator have two or more executors, and they are joined as defendants, it is not in the power of one so joined to admit the contract sued on, so as to authorize a recovery upon it either as against himself alone or against his associate, but the plaintiff must prove the contract, if it be denied by any of the executors; otherwise he cannot recover at all. 1 *Poe's Pl. & Pr.,* secs. 406, 407; *McCann v. Sloan,* 25 Md. 575, 587, 588; *Pole v. Sim-*

490

*mons,* 49 Md. 14, 21-23; *Stoner v. Devilbiss,* 70 Md. 144, 157, 16 A. 440; *Fledderman v. Fledderman,* 112 Md. 226, 246-249, 76 A. 85; 3 *Williams on Executors* (7th Am. Ed.), 467 (*1796) 582.

If the express admission by one executor of the validity of a claim against the testator is not binding upon his co-executor, *a fortiori* the implied admission by a judgment by default suffered by one executor in an action on such a claim is not. *Supra;* 3 *Freeman on Judgments* (5th Ed.), 1282, p. 2665; *Davis v. Gallagher,* 124 N .Y. 487, 26 N. E. 1045; *Scholey v. Walton,* 12 M. & W. 510, 152 Eng. Reprint, 1299, 1301; *Fox v. Waters,* 12 Ad. & El. 43, 113 Eng. Reprint, 727; *Tullock v. Dunn,* Ryan & Moody, 416, 171 Eng. Reprint, 1068.

Again, if there had been a plea confessing the plaintiff's cause of action by one of the executors, and a denial thereof by the plea of the other executor, the latter would be received as more to the testator's advantage. 2 *Woerner's American Law of Administration* (3rd Ed.), sec. 380, p. 1229; *Lyon v. Allison,* 1 Watts (Pa.), 161, 162; *App v. Dreisbach,* 2 Rawle (Pa.) 287, 301; *French v. Peters,* 177 Mass. 568, 59 N. E. 449; *Strasbaugh v. Dallam,* 93 Md. 712, 715, 50 A. 417; *Yakel v. Yakel,* 96 Md. 240, 53 A. 914.

In 3 *Williams on Executors* (7th Am. Ed.), 522 (*1834, *1835), the rule is stated and exemplified in these terms: "If there are several executors, they may plead different pleas, and that which is most to the testator's advantage shall be received. Therefore, in an action of *assumpsit* against four executors, upon a promise made by the testator, if one executor acknowledges the action, and the other three plead *non-assumpsit,* their plea shall be received. Hence, if a warrant of attorney be given by one of several executors to confess judgment against them all, the courts will order it to be delivered up." *Elwell v. Quash,* 1 Stra. 20, 93 Eng. Reprint, 358, 359; *Tidd's Prac.* (9th Ed.), 548; *Gardiner v. Hardey,* 12 G. & J. 365, 384; *Pole v. Simmons,* 49 Md. 22.

The principle makes for justice, and is grounded in common sense. The executors together represent the testator and

his estate. They are selected for various reasons, but chiefly because of trust and confidence and the testator's reasonable anticipation that their separate knowledge and information of his estate, obligations, and liabilities will, when combined, secure a common position in regard to claims and demands against his estate. If the executors cannot agree with respect to their testator's promise or liability, and so plead separately and differently in the same action, it is sound policy for the court to adopt the pleading which is advantageous to the testator's estate, because the testator's defense to the action is thereby the better assured, since one may know of matters, such as payment, set-off, or full defense, which are unknown to the other or rejected by him. The enforcement of this rule results in no injury to the plaintiff, who, at the most, is but required to establish his cause of action, which is ever the burden of the plaintiff.

The plaintiff had brought the action against both executors, who had the right to plead separately and differently. The primary issue was the testator's promise and its breach during his life. The judgment by default against one executor admitted the promise and its breach, but left the amount of recovery to be found; and the pleas in bar of the other executor denied the promise and its breach. The action could not thus proceed, and the court, in accordance with principle and precedents, struck down the judgment by default in the interest of justice and the orderly administration of the law, and we find no error in the course taken. The contract was by the testator, and any liability of his estate was caused by his breach in his lifetime, but this breach cannot exist with respect to one executor and not exist with respect to his coexecutor. Reason, convenience, and justice, therefore, support the rulings of the court, which prevented an anomalous situation and resulted in the trial of the case, with a final judgment with respect to all of the parties.

After the judgment by default was rescinded, the two executors united in pleading that their testator had never promised and was never indebted as alleged, and the plaintiff joined issue, and the case was submitted and tried before the

court, which gave a verdict for the defendants, and, in due course, a judgment in favor of the defendants for the costs. No prayers were submitted or granted, and the only questions remaining for consideration are certain exceptions to the rulings on the testimony. The court does not find a combination of error and injury in any one of these exceptions that would require a reversal. The points presented by the exceptions on the testimony do not require discussion, and no useful purpose will be served by their statement.

For the reasons given, the judgment will be affirmed, with costs to the appellees.

*Judgment affirmed, with costs to the appellees.*