JAMES F. BRICE, *et al. vs.* JOHN RANDALL.—*Dec.* 1835.

Prior to the act of 1825, ch. 117, this court assumed, when the record did not contain the evidence, that sufficient proof had been offered at the trial, to raise the question of law presented by the bill of exceptions to the county court, and proceeded to decide upon the correctness of the law of the prayer for instruction to the jury. The same practice exists now, and when the question presented, is sufficiently positive and specific to conform to the act of 1825, this court will review the decision of the county court thereon.

It does not necessarily follow from the bare fact, that a party is without a right of way except over the defendant's land, that he thereby acquires a right of way from necessity according to the principles of the common law.

When the owner of a large tract of land grants a portion of the soil, which is surrounded by his own land, the right of way incidental to the grantee's land, is to a convenient way over some part of the grantor's surrounding land, not in every part of it.

APPEAL from *Anne Arundel* county court.

This was an action on the case, for obstructing a right of way, instituted by the appellants against the appellee, on the 18th of October, 1832.

To the defendant's plea of not guilty, and limitations, the plaintiffs replied, that prior to the accrual of the defendant's title to the close held by him, they the plaintiffs by virtue of a deed, (which is set out in the replication) acquired title to the close in their possession, and to the right of ingress, egress, and regress to and from the same, over and through the defendant's close, in the which right they were wrongfully obstructed by the defendant.

The defendant rejoined, denying the plaintiffs' right of way, and issue was joined.

At the trial the plaintiffs presented the following prayers to the court.

1. That if the jury believe from the testimony in the cause, that the defendant came into possession by deed or otherwise, of the land adjoining the land of the plaintiffs, subsequent to the conveyance to the plaintiffs, that then the jury must find for the plaintiffs.

The county court, (DORSEY, Ch. J. and KILGOUR and WILKINSON, A. J's.) refused the instructions and the plaintiffs excepted.

2. That if from the testimony the jury believe, that the plaintiffs were by previous conveyances, granting the surrounding or adjoining land, deprived of passing through said land, then the jury must find for the plaintiffs. The court refused the instruction, and the plaintiffs excepted.

3. That if the jury believe from the evidence, that the plaintiffs were by former or previous grants, conveying the surrounding or land adjoining the plaintiffs land, debarred the right or privilege of crossing, or in any other manner passing over or through, such surrounding or adjoining land, to the land of the plaintiffs, that then the jury must find for the plaintiffs. The court refused the instruction, and the plaintiffs excepted.

4. That if the jury believe from the testimony that the lines of *Bloomsbury* square, and the lines of *St. John's College Green*, or by whatsoever other name or names the same may be called, together with the lines of the lot of " *Lewis Green*," and " *Wells Water*," and the lines of the land of the defendant, adjoining the lands of the plaintiffs, surround or encompass the land of the plaintiffs and that the grants of the land, exclusive of the grant to the defendant, were of prior date, to the deed to the plaintiffs, then the jury must find for the plaintiffs. This instruction was also refused by the court, and the plaintiffs excepted.

5. That if the jury believe from the proof, that the plaintiffs were precluded by previous conveyances, granting *Bloomsbury Square* and *St. John's College Green*, a right of way, over, across, or through said lands, and that they had no other way but over or through the land subsequently acquired by the defendant, and that he the defendant obstructed such way by enclosures, or other means to the exclusion of the plaintiffs, then the jury must find for the plaintiffs.

6. That if the jury find from the evidence that the lines of *Bloomsbury Square*, and the lines of *St. John's College Green*, together with the lines of the lot *Lewis Green*, *Wells Water*, and the lines of the land of the defendant, adjoining the lands of the plaintiffs, surround or encompass the lands of the plaintiffs, and that the grants of the land, exclusive of the grant, or deed to the defendant, were of prior date to the deed to the plaintiffs, and that the deed to the defendant was subsequent to the deed to the plaintiffs, and that the defendant by acquiring the land, under said deed or otherwise, and obtaining the possession, obstructed the plaintiffs in passing over the land of the defendant, to the land of the plaintiffs, and thereby left the plaintiffs without any access to the land of the plaintiffs, that then the jury must find for the plaintiffs.

The court refused this instruction, and the plaintiffs excepted, and the verdict and judgment being against them, they appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and ARCHER and CHAMBERS, and SPENCE, Judges.

BRICE and JOHNSON, for the appellants,

The defendant's rejoinder being a departure from the plea of limitations, that plea cannot avail him, nor does the rejoinder deny the obstruction, being confined to a simple denial of the right of way asserted in the replication.

If the law of the plaintiffs prayers is sound, they should have been granted notwithstanding the absence of the evidence upon which they were founded. *Barnes vs Blakiston*, 2 *Har. and John*. 376.

The act of 1825, ch. 117, forbids this court from either reversing or affirming upon a point not made in the court below, and consequently as the absence of evidence is not made the ground of rejecting the prayers, that ground cannot be urged here as a reason for affirming the judgment.

They further contended, that the law of the 5th and

6th prayers was perfectly correct, and should have been granted.

RANDALL for the appellee.

The plaintiffs have shown no right of way by prescription, or by grant. They place their right upon the ground of necessity, and consequently are bound to prove the facts and circumstances which create such a right. 2 *Saund. Pl. and Ev.* 919, 920, 922, and 924.

Now there is an entire failure of all such proof. No proof of the plaintiff's possession of the impossibility of getting to his land, except over the defendant's close, or of any obstruction by the defendant of a right of way, if any existed. If necessity is the plea for the right, it was indispensable to prove its existence. 3 *Stark. Ev.* 1678.

If the plaintiff offers no evidence in support of his case, the court upon the defendant's prayer, will instruct the jury, that he has no right to a verdict. *Davis et al. vs. Barney*, 2 *Gill and Johns.* 382. And if this be so, how can they give a contrary instruction upon the plaintiff's prayer?

It is said the court cannot affirm upon a ground which does not appear to have been made in the inferior court. This may be so, but *neither* can they *reverse* upon such ground. *Ayres vs. Kain*, 3 *Gill and Johns.* 24.

2. But waiving the objection of the absence of all evidence in support of the prayers, the facts stated, admitting them to have been proved, do not entitle the plaintiffs to a verdict. They may all be true, and yet the plaintiffs cannot recover.

ARCHER, Judge, delivered the opinion of the court.

This cause comes upon bills of exceptions, without any evidence whatever.

Anterior to the act of Assembly of 1825, ch. 117, the court would have entertained the appeal, and would have determined the law of the prayers, upon the assumption, that there was evidence upon which the prayers might be bottomed.

The act of 1825, ch. 117, requires this court to review the points decided below, and if in the case in 2 *Harr. & Johns.* 376, the court werè bound to consider, that evidence was offered below, which would have justified the action of the court, such a rule would and must lead us to the same con‑ clusion here; and on the supposition, that there was evidence before the court and jury, the question presented, is suffi‑ ciently pointed and specific, to call for the judgment of this court.

The four first prayers, which constitute the subject of the first four exceptions, are wholly defective. The jury are call‑ ed upon, should they find particular facts in these prayers to be true, to find for the plaintiff. But it is not put to the jury to find one of the leading matters in controversy, the obstructions laid in the declaration, without the finding of which, no matter what else they might find, the plaintiff was not entitled to be gratified in either of his applications to the court.

The fifth and sixth prayers are defective also. The jury might find all the facts therein stated to be true, and yet the plaintiff might not be entitled to recover.

The position of the fifth prayer is, that if the plaintiff should be found to have no right of way over two tracts of land, and has no other right of way, he shall have one of necessity through the defendant's land. The consequence from the facts stated in the prayer, do not appear to us to follow. The plaintiff from the bare fact of being without a right of way, except over the defendant's land, would acquire no right of way from necessity, by the rules of common law; and if under any possible circumstances, such a consequence could flow, it was incumbent upon the plaintiff, to show in evidence such circumstances, that a judgment might be found by us in relation to them.

The sixth prayer supposes a case, where the lines of " *Bloomsbury Square,* " *St John's College Green,*" " *Lewis Green,* and " *Wells Water,*" and the lines of defendant's land, surround the plaintiffs' land, and that the grants were

all anterior to the plaintiff's deed, except the defendant's grant, and that the defendant's deed was subsequent to the plaintiff's, and there was obstruction, then, &c.

This prayer does not raise the question argued by the counsel, as to the right of an individual obtaining from the *State* a grant of land, surrounded by the land of the *State*, having through such land a right of way from necessity, because it does not appear from the prayer, at what time the grant to which the right of way is alleged to be attached, was granted. The grant under which the plaintiff holds, might be anterior to all the other grants, although his deed might be subsequent. In which event, if a right of way, under such circumstances, might be supposed to be incident to the plaintiff's grant, over some portion of the surrounding public land, the plaintiff would not necessarily be entitled to it, over the defendant's land, because supposing the right to exist, it was a right to a convenient way over any part of the grantor's surrounding land, and that might be found, as well in the other surrounding lands, as in the defendant's, because the prayer supposes all the lands subject to the selection, and assignment of this incidental grant of way; so, that if the law contended for, were conceded, the plaintiff has failed to shew the way he complains of being obstructed, was a convenient way at the time of the grant to him.

We cannot look to the deeds which were referred to in the pleas, as if they were evidence in the cause. The whole question of the right of way, and the obstruction, are put in issue. We can alone determine the question from the hypothesis put in the prayer, and looking at that, we can perceive no error.

JUDGMENT AFFIRMED.