ROMULUS R. GRIFFITH AND ROMULUS R. GRIFFITH, JUN'R, vs. THOMAS A. LYNCH, GARNISHEE OF JOHN W. HALL, AND JOHN S. LYNCH.

EXECUTION TO ANOTHER COUNTY: ATTACHMENT ON JUDGMENT.—Under the CODE, ART. 18, SEC. 8, after a *fieri facias* issued to another county is returned *nulla bona*, the Court to which such *fi. fa.* is issued, may then issue a writ of attachment, instead of second *fi. fa.*, upon the judgment on which the execution was issued.

——: ——: ——: CODE, ART. 75, SEC. 62.—Under the above section of the Code it is required, that the clerk of the Court in which the judgment was rendered, shall send with the writ of execution a short copy of the docket entries in the case, and where it does not appear from such entries that there was any entry of an interlocutory judgment before the inquisition found by the jury, or of a final judgment rendered upon such inquisition, as required by Art. 75, sec. 62, of the Code, it is manifest that the original *fi. fa.* was improvidently issued, and there being no judgment upon which the writ of attachment subsequently issued could be based, the said writ was properly quashed.

APPEAL from the Circuit Court for St. Mary's County:

This is an appeal from an order quashing a writ of attachment, issued out of the Circuit Court for St. Mary's County, (BRENT, J.,) upon a judgment recited in the writ to have been rendered in the Superior Court of Baltimore City. The facts of the case sufficiently appear from the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Thomas S. Alexander* and *J. Shaaf Stockett*, for the appellants:

In support of the appeal it will be insisted:

1. That the short copy is sufficient in form to sustain the *fieri facias* to St. Mary's County. Code, 18, sec. 5.

2. The *alias fieri facias* having been returned into the Circuit Court for St. Mary's County *nulla bona*, the attachment was properly issued out of that Court. Code, 18, sec. 5.

The 2nd point above, resolves itself into two:

1st. That the *alias fi. fa.* was properly returnable to the Circuit Court for St. Mary's County.

2nd. That having been so issued, the attachment was properly issued out of that Court.

We did not proceed, as may be argued was necessary, under Art. 10, secs. 32 and 33, but under Art. 18, sec. 5, of the Code, title "Attachment on Execution." *Griffith vs. Etna Fire Ins. Co., Garnee. of Upton,* 7 *Md. Rep.,* 102. Code, Art. 10, sec. 30. Code, Art. 18, sec. 5.

*P. W. Crain* and *John P. Poe,* for the appellee:

For the appellee it will be maintained that the Court committed no error. The provisions of the Code upon the question will be found in Art. 10, secs. 32 and 33, and also in Art. 18, sec. 5, and also in Art. 75, sec. 62. From these provisions of the Code it is apparent, that the attachment from the Circuit Court of St. Mary's County was irregularly issued.

We concede that the *fi. fa.* was properly returnable before the Circuit Court for St. Mary's County. But we object to the subsequent proceeding in that Court. There is no evidence in the record of any judgment, and if there were, the attachment should have issued from the Court rendering the judgment. *Harden & Carson vs. Moores, Garn., &c.,* 7 *H. & J.,* 4, a case very similar to the present. Under the Code the copy of *docket entries* must show there was a judgment.

Bartol, J., delivered the opinion of this Court:

This is an appeal from an order of the Circuit Court for St. Mary's County, quashing a writ of attachment issued out of the same Court. In the recital of the writ it is stated to be issued upon a judgment recovered in the Superior Court of Baltimore City.

It appears by the record that on the 11th day of March 1861, a writ of *fi. fa.* was issued out of the Superior Court

of Baltimore City, directed to the sheriff of St. Mary's County, and returnable to the Circuit Court for that county, reciting a judgment rendered by the Superior Court, and a *fieri facias* thereon before issued, to the sheriff of Baltimore City, which had been returned *nulla bona*. The *fi. fa.* of the 11th of March was duly returned by the sheriff of St. Mary's County, to the Circuit Court for that county, *nulla bona;* and thereupon this writ of attachment was issued out of the same Court.

Some objection to this proceeding was made by the appellee, in argument, on the ground that, in reviewing the execution, the Circuit Court had no power to change its form, but could issue only an execution of the same kind as the first; we do not concur in this view. By the 5th section of the 18th Article of the Code, the Court is expressly authorized, when an execution which has been sent from another county, has been returned, to proceed by renewal or otherwise, in the same manner as if the first execution had been issued on a judgment rendered in that Court. There was no error, therefore, when the execution was renewed, in issuing a writ of attachment instead of a *fieri facias*.

But this section of the Code provides, "that when an execution is issued to another county than that in which the judgment has been rendered, the clerk shall send "a copy of the docket entries," "*upon which the Court may proceed by renewal or otherwise*," &c. The copy of the docket entries is essential to inform the Court, having jurisdiction of the writ, that the judgment, upon which it was issued, has been rendered, and remains unsatisfied. In this case the copy of the docket entries sent to the Court of St. Mary's County, with the writ of *fieri facias*, is as follows:

"Romulus R. Griffith, and Romulus R. Griffith, Jun'r, *vs.* John W. Hall and John S. Lynch.—In the Superior Court of Baltimore City, May Term 1859; action, &c.—26 May 1859, jury sworn, and same day inquisition for plain-

73        v. 21

tiff for $2511.15, with int. 26 May 1859, and costs. Pltffs. costs, $13.52. 8th March 1861, *fi. fa.* issued to March rule day, *nulla bona.* 11th March 1861, *fi. fa.*, after *nulla bona,* with short copy of judgment issued to St. Mary's County."

· To this is appended the official certificate of the clerk with the seal of his office.

From these docket entries it does not appear that any judgment was ever rendered in the cause by the Superior Court. There is no entry of any interlocutory judgment, before the inquisition; nor was there any final judgment of the Court rendered upon the inquisition of the jury, as is required by Art. 75, sec. 62 of the Code.

Upon this state of the record it is manifest, that the original *fieri facias* was improvidently issued. And it appearing that the writ of attachment was issued, without any judgment appearing upon the copy of the docket entries upon which it could be based, the writ was in our opinion properly quashed.

*Judgment affirmed.*

(Decided June 3rd, 1864.)