Mitchell *vs.* Chesnut and Townshend.

(Decided 15th December, 1869.)

---

HENRY S. MITCHELL *vs.* WM. CHESNUT and SAMUEL P. TOWNSHEND.  SAME *vs.* SAME.

*When necessary and not necessary to revive a Judgment by Scire Facias after Three years—Imperfect Docket Entries sent with Execution to another County—Appeal from motion to quash Attachment.*

A having a judgment against B in P. county, issued a *fieri facias* to that county. More than three years after the stay on the judgment had expired, A issued another *fieri facias* to Baltimore city. On the copy of the docket entries sent with the *fieri facias* to Baltimore there was no return of the *fieri facias* issued to P. county entered. On an appeal from a judgment refusing to quash the writ to Baltimore, HELD:

1st. If a writ of *fieri facias* is issued in three years from the rendition of the judgment, and is returned and continued regularly upon the records of the Court, a new execution may be taken out at any time without reviving the judgment by *scire facias.*

2d. Where there is a total suspension of final process upon the judgment, and no continuances are entered, if three years elapse from the rendition of the judgment, a *scire facias* becomes necessary to revive the judgment, before further process can be obtained upon it.

3d. The term of limitation is to be computed from the date of the judgment, or when execution could issue, and not from the return of the writ.

When the copy of the docket entries, sent with a writ of execution to another county, does not contain all the entries which ought to appear of record, it is no reason for quashing the execution, provided the copy shows that there was a valid subsisting judgment, and upon it the execution properly issued.

No appeal can be taken from a judgment refusing to quash an attachment.

APPEALS from the Superior Court of Baltimore City.

These appeals are taken from orders refusing to quash a writ of *fieri facias* and a writ of attachment, issued out of the Superior Court of Baltimore City, upon a judgment recited in the writs to have been rendered in the Circuit Court for Prince George's County. The facts of the case sufficiently appear in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*T. A. Linthicum* and *J. I. Alexander*, for the appellant.

The Act of 1865, ch. 5, expressly provides that a copy of the docket entries shall be sent with the writs of execution authorized to be issued by that Act from one county to another. In this case a short copy only of the judgment was sent up. *Griffith vs. Lynch*, 21 *Md.*, 575.

No return of *nulla bona* appears amongst the proceedings. Nor is there any affidavit as required by the Act, when there has been no return of *nulla bona* in the county where the judgment is rendered.

Even if the short copy of the judgment be sufficient under the Act, though it was decided in *Griffith vs. Lynch*, 21 *Md.*, 575, that it was not, it shows an execution outstanding and not returned, and this defect is not cured by the statement in the writ.

Although the plaintiff may have more than one execution upon the same judgment, in the same county, no authority is given by law for the issue of more than one execution at the same time to another county.

*Jos. L. Brent*, for the appellees.

There is no provision of law requiring that the copy of the docket entries sent with the writ should show that the return "*nulla bona*" has been made. The law is contained in the Act of Assembly of 1865, ch. 5.

The inhibition to issue a *fieri facias* to another county, unless there be a return of "*nulla bona*," is directed to the Court where the judgment is of record; and if there be a return of "*nulla bona*," of record in the office of the clerk, then the power to issue another writ to a different county is complete, notwithstanding the docket entries may be defective.

In the attachment case there was a return of *nulla bona*.

The case of *Griffith vs. Lynch*, 21 *Md.*, 577, does not apply. In that case the docket entry failed to show any judgment, and no certified copy of the judgment accompanied the writ, as in this case with the return "*nulla bona.*"

ROBINSON, J., delivered the opinion of the Court.

These two appeals were heard together, and will be so disposed of by the Court.

The *first appeal* is from an order of the Superior Court of Baltimore City, overruling a motion of the appellant to quash a writ of *fieri facias*, issued to Baltimore city, upon a judgment recovered against him by the appellees, in Prince George's county.

The following short copy of the judgment and docket entries thereon was sent with the writ of execution:

" WILLIAM CHESNUT and SAML.
P. TOWNSHEND

*vs.*

HENRY S. MITCHELL.

Circuit Court for Prince
George's County.
April Term, 1863.

"·1863, April 8th. Judgment for $2,500 damages and costs. To be released on the payment of $1,029.80, with interest thereon from the 15th of May, 1861, until paid and costs, and $2.03, costs of protest. Costs, $7.23.

" Stay 12 months.

" Fi. Fa., A. C., No. 296.

" V. E. to N. C., 1866, No. 131."

To this is appended the official certificate of the clerk, with the seal of his office.

It further appears from the record that the *fieri facias* to Baltimore city was issued on the 9th of June, 1868, more than *three years after the expiration*.of the stay· on the judgment, and it is insisted that the Court erred in overruling the motion to quash, because the execution previously issued to the Sheriff of Prince George's county, not having been returned, or if returned, not continued on the records of the Court from term to term, it was necessary to revive the judgment by *scire facias*, before another execution could issue.

Now it is well known that at common law a plaintiff who had recovered a judgment in a personal action, could neither sue out execution nor revive the same by *scire facias*, after the lapse of a year and a day from its rendition, but was obliged to bring an original action in which he could offer the judgment as evidence of·the debt.

In regard to real actions, however, the rule was different, because the judgment being for land, an action of debt would not lie, and therefore in order to give the plaintiff the benefit of his judgment, it was held that a *scire facias* would lay for the land.

Mitchell *vs.* Chesnut and Townshend.

To remedy this, and make the procedure more uniform in both actions, the statute of Westm. 2 (13 Ed., 1), stat. 1 chap. 45, gave the plaintiff the right to revive a judgment in a personal action by *scire facias*, if he had neglected to issue an execution within the year. After that time the law presumed the judgment satisfied or released, and the defendant was not to be disturbed, without an opportunity of pleading his release, or showing if there was any other reason, why an execution should not issue.

But it is well settled that if a writ of *fieri facias* is issued within the year, and returned, and continued regularly upon the records of the Court, a new writ of execution may be taken out at any time, without reviving the judgment by *scire facias*. *Tidd's Practice*, 1154; *Mulliken vs. Duvall*, 7 G. & J., 353. In such cases, the return of the execution, and the continuances from term to term, operate as a continuing demand of the debt by the plaintiff, and repel the presumption of satisfaction which would otherwise arise from lapse of time.

But it has been expressly decided by this Court, that where there "is a total suspension of final process upon the judgment, and *no continuances are entered*, if a year and a day elapse from the rendition of the judgment in England, or three years in this State, a *scire facias* becomes necessary to revive the judgment before further process can be obtained upon it;" and "the term of limitation is to be computed from the date of the judgment, or when execution could issue, and not from the return of the writ. *Mulliken vs. Duvall*, 7 G. & J., 355."

This decision is fully sustained by the English authorities, and must be considered as decisive of the point now before us. For if it be conceded that the execution to Prince George's county was returned, it does not appear to have been continued from term to term, and more than three years having elapsed from the expiration of the

stay, it was necessary to revive the judgment by *scire facias* before taking out another execution.

The Court, therefore, erred in overruling the motion to quash, and the judgment in this appeal must be reversed.

The second appeal is from an order of the same Court overruling a motion to quash a writ of attachment, issued upon the same judgment, under the Act of 1862, chap. 262, which provides "that executions by way of attachment may issue at any time within *twelve years* from the date of the judgment."

The short copy and docket entries sent with this writ, correspond with those sent with the *fieri facias*, with the exception of this additional entry:

"1868, June 9th, *fi. fa.* after *nulla bona* to Baltimore city."

It is contended, in the first place, that the Court erred, because the clerk of Prince George's county did not send a copy of the docket entries as required by the Act of 1865, chap. 5.

Now the object of the law in directing a copy of the docket entries to be sent, was to inform the Court having jurisdiction of the writ, whether a judgment had been rendered, and if so, whether execution properly issued.

And although it is the *duty* of the clerk to make entries of all the proceedings in a case, yet if he fails to do so, it can be no reason why the plaintiff should not have execution upon his judgment. And if the execution thus issued is returned *nulla bona*, it is equally clear, that under the fifth sect. of Art. 18 of the Code, he would be entitled to another execution, to be issued to a county other than that in which the judgment was rendered.

The fact that the copy of the docket entries sent with the writ does not contain all the entries which ought to appear of record, is no reason why the execution should be quashed, provided the copy shows that there was a valid subsisting judgment, and that upon it the execution properly issued.

Mitchell *vs.* Chesnut and Townshend.

This does appear from the short copy of the judgment and docket entries thereon transmitted with the writ of attachment, and is in our opinion a substantial compliance with the Act of 1865, chap. 5.

In the case of *Griffith vs. Lynch, Garnishee of Hall*, 21 *Md.*, 575, the execution was quashed, because it did not appear from the copy of the docket entries that any judgment had been rendered.

But it is further insisted, that although under the Act of 1862, chap. 262, a plaintiff may have more than one execution upon the same judgment at the same time, to the county where it is of record, yet he cannot have more than one execution at the same time to another county. If this construction of the Act be admitted as correct, and is relied upon as an objection for setting aside the execution, it is clear that the appellant must show the writ outstanding to be valid and effective, and one under which the plaintiff could enforce the payment of his judgment. It is because he has already one valid execution that the law will not permit the debtor to be harassed and oppressed by other executions upon the same judgment at the same time.

In this case, however, the record shows that the *fieri facias* to Baltimore city was improvidently issued, and was not such an execution as could be enforced. It is surely asking too much of a Court to quash the first writ because it was sued out more than three years after the rendition of the judgment, and in the next breath move to set aside the second execution, on the ground that it was issued whilst the first was outstanding.

Since the argument, our attention has been called to the question, as to whether an appeal will lie from a judgment refusing to quash a writ of attachment, and upon the authority of *Baldwin, use of Owens vs. Wright & Kent*, 3 *Gill*, 241, we are of opinion that it will not. In that case it was held that such a judgment being merely in-

terlocutory, no appeal would lie. The appeal, therefore, from the judgment refusing to quash the writ of attachment must be dismissed.

> *Judgment in the first appeal reversed,*
> *and the second appeal dismissed.*

