ANDREW R. PARKHURST, Administrator of JARED PARKHURST, JR., trading as PARKHURST & Co.; and GEORGE T. PARKHURST and JOHN W. S. BRADY, trading as J. PARKHURST, JR. & CO., Garnishees *vs.* THE CITIZENS NATIONAL BANK OF BALTIMORE.

*Act of 1864, ch. 6, sec. 8—National Bank— Cashier—Affidavit—Mistake in Docket entry—Correction by Court—Affidavit of Clerk—Evidence—Appeal.*

Where suit is brought by a National Bank under the Act of 1864, ch. 6, the cashier of the Bank is the proper officer to make the affidavit, required by the Act to be filed with the declaration, stating the true amount that the defendant is indebted to the plaintiff, over and above all discounts.

Where the clerk in making the docket entries, by mistake enters on the docket, " *copy of promissory note*," instead of " *promissory note*," the Court will direct the entry to be corrected, and the proper entry made; and the affidavit of the clerk is admissible for the purpose of showing that the docket entry was made by him through mistake.

No appeal will lie from an order overruling a motion to quash an attachment.

APPEALS from the Baltimore City Court.

On the 7th day of September, 1878, the Citizens National Bank of Baltimore brought two suits on a promissory note, the first against Jared Parkhurst, Jr., trading as Parkhurst & Co., the endorser of the note; and the second against Andrew R. Parkhurst and A. D. Patrick, trading as Parkhurst & Patrick, the makers of the note. The affidavit required by the Act of 1864, ch. 6, to be filed with the declaration, at the time of bringing the

Parkhurst, Adm'r *vs.* Citizens Nat'l Bank of Baltimore.

suit, was made by the cashier of the Bank. In the first case, on the 15th of October, 1878, judgment by default was entered; and on the 11th of November, 1878, the judgment by default was extended for $1807.08; and on the same day an attachment on the judgment was issued and laid in the hands of George T. Parkhurst and John W. S. Brady, trading as J. Parkhurst, Jr. & Co. On the 19th of December, 1878, the defendant appeared by counsel and filed a motion to strike out the judgment, because, among other reasons assigned, the proceedings were not in conformity with the Act of 1864, ch. 6. On the 15th of January, 1879, the garnishees filed the plea of *nulla bona* to the attachment. To this plea a general replication was filed on the 28th of May, 1879, and issue was joined. On the 25th of October, 1880, the defendant filed a motion to strike out the extension of the judgment by default, and on the same day the defendant and the garnishees filed a motion to quash the attachment. The grounds relied on for both of these motions, was the alleged insufficiency of the proceedings, under the Act of 1864, ch. 6, by reason of the copy of the note being filed, and also because the cashier of the plaintiff was not a competent party to make the affidavit required. On the 10th of September, 1881, the plaintiff filed a motion to correct the docket entries, and in support of the motion relied upon the affidavit of Stanley Hynson, a deputy clerk of the Court. On the 24th of February, 1883, the Court, (FISHER, J.,) sustained the motion to correct the docket entries, and passed an order directing the same to be amended so as to read: "*Narr.*, promissory note, protest and affidavit filed; note and protest withdrawn and filed in the case of the *Citizens National Bank vs. Parkhurst & Patrick*, in this Court, and copy left." On the same day the motions to strike out the judgment and to quash the writ of attachment were overruled and dismissed.

*First Exception.*—Upon the trial of the motion to amend the docket entries the plaintiff offered the affidavit of

Stanley Hynson explanatory of the mistake made by him in the docket entries. To the admissibility of this affidavit, the defendant objected. The Court overruled the objection, permitted the affidavit to be read, and passed an order directing the docket entries to be amended so as to read as herein before set out. The defendant excepted.

*Second Exception.*—Upon the trial of the motion to strike out the judgment and quash the attachment, which were considered together, the defendant offered in evidence the record and docket entries in the case of the *Citizens National Bank of Baltimore vs. Parkhurst & Patrick;* and the plaintiff offered in evidence the affidavit of Robert D. Morrison, attorney for the plaintiff, and the affidavit of Stanley Hynson. The substance of these affidavits is sufficiently set out in the opinion of this Court. To the introduction of these affidavits the defendant objected. The Court overruled the objection, and permitted the affidavits to be read in evidence, and overruled the motions to strike out the judgment and to quash the attachment. The defendant excepted. An appeal was taken by the defendant and garnishees; and on the same day the death of the defendant was suggested, and motion was made that his administrator, Andrew R. Parkhurst, be made a party defendant to the action.

The cause was argued for the appellee before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J., and submitted for the appellants.

*John Henry Keene, Jr.,* for the appellants.

*Nicholas P. Bond,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This suit is brought under the Procedure Act of 1864, chap. 6, passed for the purpose of despatching business in

the Superior Court and the Court of Common Pleas of Baltimore City.

The Act provides, the plaintiff must at the time of bringing the suit, file with the declaration an affidavit, stating the true amount due by the defendant, and must also file at the same time, the bond, bill of exchange, promissory note, or other writing, or account, by which the defendant is so indebted.

The plaintiff in this case, is a National Bank, and the question is, whether the *cashier* is the proper officer to make the affidavit? The right of the plaintiff to sue under the Act, was not and indeed could not be disputed. If so, the affidavit must be made by one of its officers or agents; and considering the duties and powers of a cashier, he is the proper person to make it. • To him is submitted the funds of the Bank, and through him, as the executive officer, its financial operations are mainly conducted. He has the means of knowing the dealings between the Bank and its debtors, and it is his duty to superintend the collection of debts due to the Bank, and to make such arrangements as may facilitate that object, and to do anything in relation thereto, that an attorney may lawfully do. If an affidavit is to be made, stating the precise sum due by a debtor to the Bank, he is the proper officer to make it. *Trenton Bank vs. Haverstick*, 6 *Halsted*, 172; *Mix vs. Andes Ins. Co.*, 74 *N. Y.*, 55; *Shaft vs. Phœnix Mutual Life Ins. Co.*, 67 *N. Y.*, 549; *Angell & Ames on Corp.*, secs. 299, 366.

There was no error, therefore, on the part of the Court in refusing to strike out the judgment in this case on this ground.

The next question, is whether the Court had the power to correct the *docket entries?* The original entries made by the clerk are "*Narr., copy of promissory note, affidavit and notice to plead, &c.*" By the entries thus made, it is contended, that the plaintiff at the time of bringing

the suit, filed *a copy of the promissory note,* and not the *note itself* as required by the Act. But the affidavit of the writ clerk shows beyond question, that the entry "*copy of promissory note,*" was erroneously made by him, and that the *original note,* was in fact filed with the *narr.* The mistake occurred in this way:—The plaintiff brought two suits on the note, one against Jared Parkhurst, Jr., trading as Parkhurst & Co., endorser, and the other against Andrew R. Parkhurst and A. D. Patrick, trading as Parkhurst & Patrick, as makers. The promissory note was attached to both *narrs.,* and the three papers, the two *narrs.* and the promissory note, were filed together. The writ clerk detached the note from the *narr.* in the suit against Parkhurst & Co., and in its place filed a certified copy thereof, thus leaving the original note attached to the *narr.* in the suit against Parkhurst & Patrick; and in making the docket entries, he by mistake entered on the docket "*copy of promissory note*" instead of "promissory note," thus making it appear that a *copy* of *the note* had been filed and not the *original note* as required by the Act.

Upon the affidavit of the writ clerk the Court very properly directed the entries to be corrected, and the proper entries to be made in conformity with the facts as they occurred. As thus corrected, the docket entries show, that the original note was filed at the time of bringing the suit.

The affidavit of the clerk was admissible for the purpose of showing that the docket entries were made by him through mistake, and the motion to strike out the judgment was properly overruled.

*Order affirmed.*

(Decided 25th January, 1884.)

*Appeal of Parkhurst and Brady:—*

It appears that an attachment was issued on the judgment recovered against Parkhurst & Co., and laid in the hands of George T. Parkhurst and John W. S. Brady, copartners, garnishees. Motion was made by the garnishees to *quash* the attachment, which motion was overruled. The record does not show that a *judgment of condemnation* was entered on the attachment. So the appeal is simply from an order of the Court, overruling a motion to quash an attachment. From such an order it is well settled, no appeal will lie. *Mitchell vs. Chestnut, et al.,* 31 *Md.,* 527; *Baldwin, et al. vs. Wright, et al.,* 3 *Gill,* 241.

The appeal in this case must therefore be dismissed, because no final judgment has been entered.

*Appeal dismissed.*

(Decided 25th January, 1884.)