LEOPOLD J. STERN *vs.* EMMA F. BENNINGTON
ET AL.

*Entry of Judgment Nunc Pro Tunc—Failure of Clerk to Enter Judgment as Directed in Open Court—Laches—Appeal.*

When, upon motion made in open Court, a judgment is ordered to be entered, but the clerk fails to make a formal record thereof, the Court has the power afterwards to direct the judgment to be entered as of the date of the first order.

When a Judge in open Court orally directs the clerk to enter up a judgment and the clerk omits to make the proper entry, parol evidence is admissible to prove the fact that such an order was given.

Upon motion of the plaintiff's attorney in open Court on September 19th, 1903, the clerk was directed to enter a judgment on a verdict. The clerk neglected to make the formal entry. In February, 1904, the defendant moved to strike out the verdict and in March, 1904, the plaintiff moved for entry of a judgment as of September 19th, 1903. *Held*, that the plaintiff had not been guilty of *laches* since the failure to enter up the judgment was due to the mistake of the clerk.

A motion to vacate the verdict of the jury is equivalent to a motion for a new trial, and no appeal lies from the ruling of the Court below on such motion.

Appeal from the Circuit Court for Harford County (BURKE, J.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Isaac Lobe Straus* (with whom was *Thos. H. Robinson* on the brief), for the appellant.

*W. H. Harlan*, for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

An order passed by the Circuit Court for Harford County on the twenty-fifth day of May, 1904, refused to strike out and set aside a verdict rendered in an action of ejectment, and

in addition directed the clerk to enter up judgment on that verdict as of September the 19th, 1903. From that order the defendant in the ejectment suit has brought the record into this Court by appeal. The two controlling questions, which embody a few subsidiary ones, are: First, had the Circuit Court power and authority to direct, on May 25th, 1904, the judgment to be entered as of September the 19th, 1903; and, secondly, has this Court jurisdiction to review that part of the order appealed against which refused to strike out and set aside the verdict rendered by the jury on September 17th, 1903?

As it is out of the facts that the law arises, a brief statement of the undisputed circumstances must now be made.

On December the 27th, 1902, the appellees brought an action of ejectment against the appellant in the Circuit Court for Harford County. The defendant, the appellant here, was duly summoned, and in February following he appeared by counsel who filed a plea of *non cul.* on the 26th of that month. The case was placed upon the special trial docket of the May term of 1903, but was not reached for trial. It was then put on the special trial docket of the ensuing September Term, when issue was joined on the plea, a jury was empaneled and, the defendant and his counsel being absent, the plaintiffs adduced their evidence, and a verdict was returned in their favor on September 17th. It appears from the affidavit of JUDGE VAN BIBBER who before going on the Bench was counsel for and tried the case in behalf of the plaintiffs, that after the expiration of the period allowed under the rules of Court for the filing of motions in arrest of judgment and for new trials, he inquired whether any such motion had been interposed, and being informed by the clerk that no motion had been made he, the counsel, thereupon in open Court asked that judgment be entered on the verdict, and the Court then and there instructed the clerk to enter the judgment. The entry was not made because, as the docket clerk testified, he erroneously supposed that the recording of the verdict was sufficient and was in effect a judgment. On February 23rd, 1904, the appellant

filed a petition in support of a motion to strike out and set aside the verdict entered against him, and he based the application on the ground that neither he nor his counsel had been notified that the case would be called for trial at the September Term; and that by the trial thus had he was deprived of due process of law, inasmuch as he could have presented a meritorious defence.   The appellees answered the petition, and then filed a motion for the entry of a judgment on the verdict, *nunc pro tunc*.   Upon the hearing of these petitions and motions, the affidavits above alluded to were introduced and were objected to by the appellant.   The order from which this appeal was taken was then passed.

*First.* Had the Circuit Court power to direct a judgment to be entered as of the date of September 19th, 1903?   The authority of a Court of general and original jurisdiction to make its records conform to the facts which actually transpired in proceedings had before it, is too well understood and too thoroughly established to admit of any doubt whatever.   *Parkhurst* v. *Citizens Nat. Bank*, 61 Md. 254; *State* v. *Logan*, 33 Md. 1.   If, therefore, a judgment was in reality ordered by the Court to be entered on September 19th, 1903, and the clerk, either inadvertently or through a misconception in supposing that the recording of the verdict was in effect the entry of a judgment, omitted to make the formal record of the judgment, it would seem to be clearly within the jurisdiction of the Court to direct the judgment to be entered as of the day it should have been entered.   It was said by the Supreme Court of the United States in *Mitchell* v. *Overman*, 103 U. S. 63, "whether a *nunc pro tunc* order should be made, depends upon the circumstances of the particular case.   It should be granted or refused, as the justice of the cause may require."   In the same case the Supreme Court also said: "The rule established by the general concurrence of the American and English Courts is, that where the delay in rendering judgment or decree arises from the act of the Court, that is, where the delay has been for its convenience, or has been caused by the multiplicity or press of business or the intricacy of the question involved, or

for any other cause not attributable to the laches of the parties, but within the control of the Court, the judgment or decree may be entered retrospectively, as of a time when it should or might have been entered up." This statement is so concise and clear that we need not discuss any farther the question as to the Court's *power* to enter a judgment *nunc pro tunc;* and we are brought to the inquiry whether the power was rightly exercised in the pending case.

The verdict entitled the plaintiffs to a judgment. No judgment *nisi causa* having been entered, it was competent for the plaintiffs, after the lapse of the two days allowed under the rules of that Court, for filing a motion in arrest or for a new trial, to move in open Court for judgment on the verdict; and, according to JUDGE VAN BIBBER's affidavit this was done, and when done the Court verbally directed the clerk to enter the judgment. But it is insisted that parol evidence is not admissible to prove that a judgment was directed to be entered. It is the universal practice in the law Courts of this State for the Judge in open Court to orally direct the clerk to enter up judgments. Mr. Poe in his work on *Practice*, sec. 357 B, says, "orders may be given, or judgments directed to be entered orally or in writing. Of those orally given, a memorandum on the docket should be made at once." If the clerk inadvertently omits to make the proper entry, is there any reason for excluding parol evidence to prove the fact that such an order had been given, that would not apply to the admissibility of precisely the same kind of evidence to show, as was done in *Montgomery* v. *Murphy*, 19 Md. 576, that an entry of "Judgment confessed" was inaccurate? If the clerk makes the entry as ordered by the Judge, the judgment will appear on the record. If the clerk omits to make the entry when the order to do so is oral, there is no other way to prove that the order had been given except by the parol evidence of those who heard it given. To reject such parol evidence would preclude all proof whatever, unless the view taken in *Marshall* v. *Taylor*, 97 Cal. 422, be adopted. It was held in that case, that the pleadings, the minutes of the Court, and

the verdict in an action are sufficient record evidence to sustain the action of a Court in ordering an entry of a judgment *nunc pro tunc*, although more than six months had elapsed from the rendition of the verdict. If a judgment has been verbally ordered to be entered in open Court by the Judge, and the clerk omits to make the proper entry, there must be some method to correct the error, unless it be held that the clerical mistake cannot be remedied at all. But no such alternative could be tolerated. A fact resting in parol can only be proved by parol. To say that a Judge may in open Court direct by a verbal order a judgment to be entered; and then to say, when the entry has not been made, that you cannot prove by parol that the order to make it had been given, is practically to deny the right of the Court to correct its records to conform to the facts as they actually existed.

The appellant's able counsel in his admirable argument cited quite a number of cases to support the proposition that a judgment could not be proved by parol. Take, for illustration, the case of *Balm* v. *Nunn*, 63 Iowa, 641, where it was said, "There can be no judgment until it is entered in the proper record of the Court. It cannot exist in the memory of the officers of the Court, nor in memoranda entered upon books not intended to preserve the record of judgments. * * * It is not competent to prove a judgment in any other way than by the production of the proper record thereof." But there is a distinction between proving a judgment by parol, and proving by parol that a judgment had been ordered to be entered. It is because there was no entry when there ought to have been an entry, that an entry *nunc pro tunc* is made. It is made *now* for *then*, simply because it had not been made *then;* that is, when it should have been made. The evidence adduced did not tend to prove by parol that a judgment *had been* entered on September 19th, 1903, but merely that an order had been given by the Judge in open Court *directing* the judgment to be then entered.

There is nothing in the record to show that the appellees were guilty of laches. Shortly after Mr. Van Bibber asked

in open Court for a judgment on the verdict, and after the Judge then presiding had directed that it be entered as requested, Mr. Van Bibber went upon the Bench and of course his connection with the case then ceased.   No other attorney appears to have been employed until March the 9th, 1904, after the motion to strike out the verdict had been filed.   On March the 21st the motion for judgment *nunc pro tunc* was made.   There was no unreasonable delay in this.   The failure of the clerk to enter up the judgment was not attributable to the laches of the plaintiffs, but was due to the misapprehension of the docket clerk, and consequently the error was a matter "within the control of the Court."   *Mitchell* v. *Overman, supra.*

It does not appear from the record that there has been any change of parties since the rendition of the verdict, and even if the Court had no authority to enter the judgment *nunc pro tunc* no injury was done to the appellant, because a judgment as of a later date could be entered upon that verdict if the present judgment were stricken out.

*Secondly.*  Has this Court jurisdiction to review that part of the order appealed against which refused to strike out and set aside the verdict of the jury?   The motion asking the lower Court to vacate the verdict was a motion for a new trial, and from a ruling on that motion no appeal will lie to this Court. *Poe Pr.*, sec. 349, and cases cited in note 1.   This is so fully settled as the law of Maryland that we would not be justified in further discussing it.

As we find no errors in that part of the order which we have jurisdiction to consider on this appeal we will affirm the judgment with costs.

*Judgment affirmed with costs above and below.*

(Decided January 18th, 1905.)