MOLLIE DECKELMAN *v.* HARRY KEISNER ET AL.

*Appeal — Refusal to Quash Attachment — Credits — Item of Costs.*

An order refusing to quash an attachment, passed on a motion filed after the return day, is interlocutory merely, and no appeal lies therefrom. p. 473

The cost of printing the record, which was paid by the appellant, but for which the appellee has become liable under the decision on appeal, is attachable in the hands of the appellee under a judgment against the appellant. p. 473

*Decided March 23rd, 1927.*

Appeal from the Baltimore City Court (DAWKINS, J.).

Action by Harry Keisner and Rebecca Keisner, his wife, against Mollie Deckelman, resulting in a judgment for said plaintiffs. From an order refusing to quash an attachment issued upon said judgment, and laid in the hands of one Lewis W. Lake, as garnishee, said Mollie Deckelman appeals. Appeal dismissed.

The cause was argued before BOND, C . J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*William Pinkney Whyte, Jr.,* for the appellant.

*Ellis Rosenberg* and *Lewis W. Lake,* for the appellees.

PATTISON, J., delivered the opinion of the Court.

It appears from the record in this case that Harry Keisner and Rebecca Keisner, his wife, the appellees, on the 30th day of April, 1924, recovered a judgment in the Baltimore City Court against Mollie Deckelman, the appellant, for the sum of five hundred dollars, with interest and costs, upon which they caused to be issued out of that court an attachment by way of execution. The attachment was issued on the 13th day of March, 1926, and made returnable to the April return day, 1926, of said court. On the day of its issuance the writ was laid in the hands of Lewis W. Lake, and garnishee summoned. On the third day of April, 1926, William Pinkney Whyte, Jr., entered his appearance for Mrs. Deckelman, the appellant, defendant below, and he on the same day filed a motion to quash the attachment, which was overruled on the 13th day of April, 1926. On the 23rd day of June, 1926, Lewis W. Lake, garnishee, filed his plea saying:

"That at the time of the laying of the garnishment in his hands he was indebted to Mollie Deckelman in the sum of $206.50 by reason of the fact that the Court of Appeals of Maryland in the October Term, 1925, reversed a certain judgment in the case of *Mollie Deckelman v. Lewis W. Lake,* and put the costs of said case on the said Lewis W. Lake, which costs amount to $206.50, and $5.50 due the clerk of the Court of Appeals. That subsequent in point of time to the said garnishment, the said Mollie Deckelman had issued out of the Superior Court an execution from the Court of Appeals of Maryland on said judgment for costs, which execution upon order of the Superior Court was stayed because of the prior attachment heretofore mentioned upon

provision that the said Lewis W. Lake would deposit in said court the sum of $206.50, the amount involved, so that the said amount could be held in the custody of that court pending the proper distribution of said fund."

On the 29th day of June, 1926, the defendant again moved to quash the attachment so laid in the hands of Lewis W. Lake, garnishee, the ground of her motion being that Lewis W. Lake, as shown by his plea, had no credits in his hands belonging to the defendant subject to attachment, inasmuch as the judgment for costs against him, as claimed by her, was not attachable.

On July 1st, 1926, the motion to quash the attachment, filed on June 29th, was overruled. Whereupon, Mrs. Deckelman, on July 2nd, 1926, directed the clerk to "enter an appeal to the Court of Appeals on behalf of the defendant, Mollie Deckelman, from the order of the court overruling the motion to quash the attachment in this cause."

As stated by the appellant in her brief, the appeal was from the order of July 1st, 1926, overruling the "motion to quash." As the motion to quash was filed after the return day, the appeal from the order passed thereon, refusing to quash the attachment, which is only interlocutory, will not lie, and we must dismiss the appeal. 2 *Poe, Pl. & Pr.* (4th Ed.), sec. 538, page 602; Code (1924), art. 9, sec. 20; *Parkhurst v. Citizen's Bank,* 61 Md. 259; *First Nat. Bank v. Wockler,* 52 Md. 39; *Mitchell v. Chesnut,* 31 Md. 527; *Baldwin v. Wright,* 3 Gill, 245.

We may, however, add that, if this case was properly before us, we would hold that the cost of printing the record, which, as stated by the counsel of the appellant, has been paid, and the payment of which we may assume because of the requirement of the rule (36) of this Court, that such cost shall be paid before the record is printed, was attachable, but we express no opinion as to other items included in the judgment, that are not shown to have been paid by the appellant.

*Appeal dismissed, with costs.*