DUNDALK HOLDING COMPANY ET AL. *v.*
EASTER ET UX.

[No. 187, October Term, 1949.]

490

*Decided June 7, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*William Saxon* for the appellants.

*Herbert L. Grymes* for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of the appellees in an action of ejectment tried before a jury in the Superior Court of Baltimore City. The appeal challenges the action of the court in declining to direct a verdict for the defendants and in overruling a motion for judgment n. o. v.

On August 25, 1945 Grace T. McIver, a sister of Mrs. Easter who was virtually a straw-man for the appellees, conveyed to the Dundalk Holding Company out of a larger tract an unimproved lot fronting on the northwest side of Belair Road. The purchaser erected a motion-picture theatre on the site. In August 1947 the appellees brought ejectment for the recovery of about one foot of

492

land, claiming that the southwest wall of the building encroached upon their adjoining land.

By deed dated March 5, 1941, Kohlerman, trustee for the Easter heirs, conveyed to Grace T. McIver an irregular tract of land fronting on the northwest side of Belair Road, containing about 7.4 acres. The description began at a point on Belair Road 342.45 feet northeasterly from the intersection of the northwest side of Belair Road with the east side of Cedonia Avenue. The fifth line in the description reached "the southwest side of a lot of ground now or formerly belonging to John A. Quick." After bounding the Quick lot, the ninth line was described as "thence north forty-one degrees forty-three minutes east binding on said [Belair] road six hundred eighty-four and two tenths (684.2) feet to the north eighty-four and one quarter degrees east twenty-five perches line of the land described in the aforesaid deed from John Marx to George W. Easter and wife dated October 10, 1900 * * *".

On September 22, 1941 Grace T. McIver conveyed a triangular piece of land at the northeast end of the tract to the Gulf Oil Corporation of Pennsylvania. The description in that deed began at a point on the northwest side of Belair Road "distant twenty-two and twenty-nine one hundredths (22.29) feet southwesterly from the corner formed by the intersection of the northwest side of Belair Road with the southwest side of Fleetwood Avenue fifty feet wide said point of beginning in the southernmost outline of Overlea and running thence binding on the northwest side of Belair Road south forty-one degrees and forty-three minutes west one hundred feet * * *".

The deed from McIver to the Dundalk Holding Company on August 25, 1945, took its point of beginning "at the distance of one hundred feet southwesterly from the end of the north forty-one degrees forty-three minutes east six hundred eighty-four and two-tenths feet line" of the Kohlerman deed "and at the southernmost corner of a lot of ground described in a deed from Grace T.

McIver to Gulf Oil Corporation of Pennsylvania", running thence binding on Belair Road two hundred and fifty feet. Subsequently Grace T. McIver conveyed the remainder of the tract to the appellees.

The point of beginning in the deed to the Dundalk Holding Company is at the end of the ninth line of the Kohlerman deed, which was therein declared to be at the twenty-five perch line of the Marx deed. The witness Pohmer, a qualified surveyor, testified for the appellees that he was able to establish the twenty-five perch line and found that it intersected Belair Road about 686 feet from the northeast boundary of the Quick lot. Measuring 350 feet southwest from this point he found that the theatre building encroached about 1½ feet on the Easter tract. The appellants contend that his testimony must be rejected because he admitted the line could not be determined by existing monuments or markers on the ground, that the Marx deed was full of inaccuracies and errors, and that his opinion was largely based upon information contained in City surveys of about 25 years ago that had at that time located a stone called for in the Marx deed. However, the witness testified that he made a survey on the ground to try to reconcile the discrepancy between the McIver deed and the City survey, and specially referred to a "possession boundary marker found in place on the site of the old Belair Road". He also testified that he established the boundaries of the adjoining Gulf Oil Corporation lot.

The deed to the Dundalk Holding Company not only calls for a point of beginning 100 feet from the 25 perch line above mentioned but at the southernmost corner of the Gulf Oil Corporation lot. The description in the latter deed has its point of beginning 22.29 feet from the corner formed by the intersection of the northwest side of Belair Road with the southwest side of Fleetwood Avenue. It was shown that this corner was established by the City when Belair Road was widened and the curbing put in. The original City plat was produced. Moreover, the witness Tustin, a partner in the firm of

Martenet and Co., testified for the appellees that he verified on the ground the survey made by his partner Sutton, who prepared the description for the Gulf Oil Corporation deed. It was permissible for him to use the field notes of this prior survey. *Giles v. DiRobbio,* 186 Md. 258, 267, 46 A. 2d 611. Working from this alternate point of reference he corroborated the findings of Mr. Pohmer. It is also significant that a City plat was attached to the contract of sale from McIver to the Dundalk Holding Company showing the northwest corner of the lot, marked in crayon, 122 feet 3½ inches from the corner of Belair Road and Fleetwood Avenue. This contract was negotiated by the appellees under a power of attorney from Grace T. McIver. It may be noted that the point of beginning of the basic Kohlerman deed upon which the appellants rely was located 342.45 feet from the intersection of Belair Road and Cedonia Avenue, a point established only by City survey. It is apparent that reliance was placed upon the City surveys by both parties.

The appellant produced testimony in rebuttal, through his witness Coonan, that accepting the location of the Quick property as correct and the distance of 684.2 feet in the Kohlerman deed, a point of reference is definitely established at the end of that line. Measuring back a distance of 350 feet, it is shown that the wall of the theatre does not encroach. He testified that he was unable to locate Fleetwood Avenue by reference to the plat of Overlea offered in evidence, but admitted that it had been opened by the City some years ago. The appellants contend that the foundation wall of the Quick property is a monument and the only one definitely existing on the ground; that this mark is to be preferred to the other calls, that is to say, the twenty-five perch line and the boundary of the Gulf Oil Corporation lot; that by reversing the lines the distance from the Quick lot must prevail.

The case was tried upon pleas of not guilty and equitable considerations are irrelevant under the pleadings.

The issue is a narrow one, involving merely a problem of conflicting surveys. The issue is fundamentally one of fact and the established rules as to preference are simply guides to ascertain the intention of the parties. *Wood v. Hildebrand,* 185 Md. 56, 60, 42 A. 2d 919. Calls for monuments, natural or artificial, generally prevail over courses and distances. The line of an adjacent tract, if known or established, may as well be a call in a deed as a natural object. *Ramsay v. Butler, Purdum & Co.,* 148 Md. 438, 442, 129 A. 650; *Tiffany, Real Property* (3d Ed.) § 994. On the other hand where a monument cannot be located, resort may be had to the course and distance. *Conrad v. Williams,* 121 Md. 35, 40, 88 A. 36. It is permissible under some circumstances to reverse the lines from the first known boundary. *Hammond v. Norris,* 2 Har. & J. 130, 149. *Cf. Newbold v. Condon,* 104 Md. 100, 105, 64 A. 356. A call may be so indefinite that it must be disregarded. *Parran v. Wilson,* 160 Md. 604, 154 A. 449. The opinion of a qualified surveyor, like that of other experts, is admissible, but if the grounds of the opinion are disclosed and shown to be legally insufficient, the court must so instruct the jury. *Parker v. State,* 189 Md. 244, 248, 55 A. 2d 784. If legally sufficient, the question, of course, is for the jury.

Whatever doubts may exist as to the location of the 25 perch line in the Marx deed, it seems clear that the alternate' call to the southwest boundary of the Gulf Oil Corporation lot cannot be disregarded. The deed to the Gulf Oil Corporation did not refer to the 25 perch line at all, but to the corner of Belair Road and Fleetwood Avenue, which had been established by the City and was physically in existence when these deeds were drawn. If the parties adopted that as a fixed point of reference it is immaterial whether it was correctly located by the City in the first instance. Even accepting the appellants' contention that the concrete wall on the boundary of the Quick lot is a monument which was also in existence, although the correctness of its location

depends upon measurements from the corner of Belair Road and Cedonia Avenue as a point of reference, we have merely a conflict or discrepancy between the calls. Under the charge, to which no objections were taken, the jury was permitted to consider the appellants' theory of the case. We think there was legally sufficient evidence to support the appellees' theory and the motion for a directed verdict was properly refused.

The appellants suggest that the court erred in entering judgment, with the consent of the appellees, in accordance with the appellee's plat produced in evidence, whereas the jury's verdict found an encroachment as described in the declaration of "one foot more or less". The plat showed the encroachment varying from .36 to .95 feet. We think the correction to conform with the evidence was within the court's authority. Freeman, Judgments (5th Ed.) § 151. *Cf. Stern v. Bennington,* 100 Md. 344, 346, 60 A. 17, 108 Am. St. Rep. 433. In any event the appellants were not harmed by the entry of the lesser and more definite amount.

*Judgment affirmed, with costs.*