EASTER *v.* DUNDALK HOLDING CO.

[No. 96, October Term, 1951.]

*Decided February 8, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Herbert L. Grymes,* for appellant.

*William Saxon,* for appellee

DELAPLAINE, J., delivered the opinion of the Court.

This suit was entered in the Circuit Court of Baltimore City by Dundalk Holding Company, a Maryland corporation, to restrain Andrew J. Easter, an adjoining property owner, from enforcing a judgment which he obtained in a suit of ejectment, to assess the value of his strip of land occupied by a wall of a building erected by complainant, and to order him to convey the strip to complainant.

The bill of complaint alleges that in 1945 complainant and defendant purchased adjoining lots on Belair Road, and complainant erected a moving picture theater, the southwest wall of which encroaches upon defendant's lot to the following extent: (1) at corner of building at Belair Road, .63 of a foot, (2) at first pilaster, .95 of a foot, (3) at second pilaster, .77 of a foot, (4) at rear corner of building, .36 of a foot. The bill then alleges that in 1947 defendant filed a suit in the Superior Court of Baltimore City to repossess the land encroached upon, that in 1949 that Court rendered judgment in his favor, and that in 1950 the judgment was affirmed by the Court of Appeals of Maryland.

The bill further alleges that the wall is 13 inches thick and is made of bricks and cinder blocks, the pilasters are made of solid brick masonry, the roof is constructed of steel beams and gypsum steel planks, and the hung ceiling is of metal lathe and plaster; and that to put defendant in possession of the strip it would be necessary to tear down a portion of the brick wall, and, if this were done, the building would be materially damaged or totally destroyed.

Defendant's demurrer to the bill was overruled, and he thereupon filed an answer alleging that complainant's application for a building permit in the office of the Building Inspector indicated that it planned to build the theater without the assistance of a building contractor; and that the erection of the wall on his land was the result of its negligence and errors.

Milton Schwaber, president of complainant, who supervised the construction, testified that the total cost of construction was about $146,000, and that it would cost about $60,000 to remove the wall from defendant's land. He explained that it would be necessary to have new footings for the wall, to build an entirely new wall, to change all the seats in the theater, and to redecorate it.

The Court refused to grant an injunction, or any other relief prayed, but entered a decree, from which defendant has appealed, declaring the exact value of the strip of land owned by defendant and occupied by the wall of complainant's building to be $500.

Complainant says that the value of the strip is not more than $150, whereas it would cost more than $60,000 to remove the wall. It insists that the Court had "the right to balance the injuries" and to assess the value of the strip.

It is true that in the administration of remedies and relief, courts of equity are solicitous to work out the equities and justice of a cause. The courts aim to avoid the granting of injunctions when they would produce injustice, great hardship, or public or private mischief. Thus it is an accepted rule that where a landowner, by innocent mistake, erects a building which encroaches on adjoining land, and an injunction is sought by the owner of the land encroached upon, the court will balance the benefit of an injunction to the complainant against the inconvenience and damage to the defendant, and where the occupation does no damage to the complainant except the mere occupancy of a comparatively insignificant part of his lot, or the building does not interfere with the value or use of the rest of his lot, the court may decline to order the removal of the building and leave the adjoining landowner to his remedy at law. *Hasselbring v. Koepke*, 263 Mich. 466, 248 N. W. 869, 873, 93 A. L. R. 1170; *Mary Jane Stevens Co. v. First National Building Co.*, 89 Utah 456, 57 P. 2d 1099, 1126.

Thus, in *City of Harrisonville v. W. S. Dickey Clay Mfg. Co.*, 289 U. S. 334, 53 S. Ct. 602, 603, 604, 77 L. Ed.

1208, Justice Brandeis said: "For an injunction is not a remedy which issues as of course. Where substantial redress can be afforded by the payment of money and issuance of an injunction would subject the defendant to grossly disproportionate hardship, equitable relief may be denied although the nuisance is indisputable. This is true even if the conflict is between interests which are primarily private. * * * Where an important public interest would be prejudiced, the reasons for denying the injunction may be compelling.

But the doctrine of comparative injury is not applicable in a case like the one before us. This is not a case where the owner of land encroached upon is applying for an injunction to remove the encroachment. The owner of the building is attempting to obtain relief in equity from a judgment regularly obtained against it. Defendant filed an action of ejectment in the Superior Court and obtained a judgment against complainant. That judgment was affirmed by the Court of Appeals. *Dundalk Holding Co. v. Easter*, 195 Md. 488, 73 A. 2d 877. It is a firmly established rule in Maryland that a court of equity will not relieve against a judgment recovered in a trial at law, unless the justice of the verdict can be impeached by facts or on grounds of which the complainant could not have availed himself at law, or was prevented from doing it by fraud or accident or the act of the defendant, unmixed with any negligence or fraud on his part. *Hesser v. First National Bank of Bedford*, 159 Md. 251, 258, 150 A. 723; *Redding v. Redding*, 180 Md. 545, 26 A. 2d 18.

Complainant relied on the decision of this Court delivered by Chief Judge Bartol in *Union Hall Ass'n v. Morrison*, 39 Md. 281. In that case the appellant erected a building on a vacant lot in Westernport in 1860. The appellee, who had owned an adjoining tract of land for some years, discovered from a survey in 1867 that the land on which the building was erected was included within his tract. He filed an ejectment suit and obtained a judgment against the appellant. The appellant in-

stituted suit in equity alleging that it had bought the lot with the belief that the title was good and without any notice that the appellee had any right to it. The appellant was not entitled to relief under the doctrine of constructive fraud or equitable estoppel, since the appellee did not learn until 1867 that he had title to the lot; but since the appellant had bought the lot and erected the building in good faith, the Court decided that it was entitled to relief as *bona fide* possessor, in accordance with the doctrine of the civil law. 3 *Story, Equity Jurisprudence,* 14th Ed., sec. 1646. The Court held that the appellee had the option either (1) to accept payment for the lot estimated at its fair value without the improvements and to convey it to the appellant, or (2) to hold the lot and to pay for the improvements to the extent of the additional value which they had conferred upon the lot, and in default of such payment the same should be a lien on the property.

That decision is not a precedent for the instant case. Complainant here has made no improvements which have enhanced the value of defendant's lot. On the contrary, complainant has wrongfully taken a part of defendant's lot and now demands title to it. The right to own and enjoy property depends, not upon its value as compared with other property, but upon constitutional guarantees. No court of law or equity has the authority to compel a landowner to surrender his property to another person in exchange for a sum of money, for a taking of one person's property for the private use of another, even with just compensation, is a deprivation of property without due process of law in violation of Article 23 of the Maryland Declaration of Rights and the Fourteenth Amendment of the Constitution of the United States. *Riden v. Philadelphia, B. & W. R. Co.,* 182 Md. 336, 340, 35 A. 2d 99; *O'Neill v. Leamer,* 239 U. S. 244, 36 S. Ct. 54, 60 L. Ed. 249. It follows that no person can take his neighbor's property to improve his own merely because his neighbor's loss will be less than his own gain. *Huebschmann v. Grand Co.,* 166 Md. 615,

621, 172 A. 227; *White Bros. & Crum Co. v. Watson,* 64 Wash. 666, 117 P. 497, 499, 44 L. R. A., N. S., 254; *Tyree v. Gosa,* 11 Wash. 2d 572, 119 P. 2d 926.

It is clear that a court of equity cannot nullify a judgment rendered in an ejectment suit by merely setting a valuation on the land. While the decree appealed from is a nullity, it may create a cloud on defendant's title. The decree will therefore be reversed.

*Decree reversed and bill of complaint dismissed, with costs.*